UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-12324-MLW |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### SUPPLEMENTAL JUDGMENT AS TO DEFENDANT BIOCHEMICS, INC.

WHEREAS the Court, having previously ordered that Defendant BioChemics, Inc. ("BioChemics" or "Defendant") is permanently restrained and enjoined, by consent, from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and

WHEREAS the Court, upon motion of plaintiff Securities and Exchange Commission ("Commission"), having considered whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty and, if so, the amount(s) of the disgorgement, prejudgment interest, and civil penalty [ECF No. 54]:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $15,105,325, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,042,559, and a civil

penalty in the amount of $750,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $17,897,884 to the Securities and Exchange Commission, pursuant to the terms of the payment schedule set forth in paragraph II below, after entry of this Supplemental Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; BioChemics as a defendant in this action; and specifying that payment is made pursuant to this Supplemental Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) if the payments due pursuant to paragraph II below are not timely made. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

Assuming that the payments due pursuant to paragraph II below are timely made, the Commission will plan to seek the Court's approval for a plan to distribute the Fund. Such a plan would provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, codified at 15 U.S.C. §7246 ("Sarbanes-Oxley"). The proposed distribution plan to be submitted to the Court will provide specific details about how and when the distribution will be made, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

If the Commission is unable to collect all or part of the payments due pursuant to paragraph II below, the Commission will seek the Court's approval for a plan containing its recommendations as to the disposition of any Funds that have been collected. That plan will describe, based on the circumstances known at the time, whether and why the Commission recommends making a distribution of the Fund pursuant to the Fair Fund provision of Sarbanes-Oxley, or sending the Fund to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, the $750,000 ordered to be paid as a civil penalty pursuant to this Supplemental Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes. Defendant may obtain an offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action. To preserve the deterrent effect of the $750,000 civil penalty, Defendant shall not, however, argue that it is entitled to, nor shall it

3

further benefit by, any offset or reduction of such compensatory damages award by any part of Defendant's payment of a $750,000 civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Supplemental Judgment. For purposes of this paragraph, a "Related Investor Action" means a private action brought against Defendant by or on behalf of one or more investors concerning in any way Defendant's so-called Series E investment round (including bridge debentures and stock), as alleged in the Complaint in this action.

II.

BioChemics shall pay the total of disgorgement, prejudgment interest, and civil penalty due of $17,897,884 in 6 installments to the Commission according to the following schedule: (1) $750,000, within 7 months of entry of this Supplemental Judgment; (2) $3,429,576.80, within 8 months of entry of this Supplemental Judgment; (3) $3,429,576.80, within 9 months of entry of this Supplemental Judgment; (4) $3,429,576.80, within 10 months of entry of this Supplemental Judgment; (5) $3,429,576.80, within 11 months of entry of this Supplemental Judgment; and (6) $3,429,576.80, within 12 months of entry of this Supplemental Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, BioChemics shall contact the staff of the Commission for the amount due for the final payment.

If BioChemics fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Supplemental Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Supplemental Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Supplemental Judgment forthwith and without further notice.

Dated: March 24, 2015

_____
UNITED STATES DISTRICT JUDGE