UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-12324-MLW |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) ) ) ) ) | |
| Defendants. | ) ) | |

[PROPOSED]
FINAL JUDGMENT AS TO DEFENDANT JOHN J. MASIZ

The Securities and Exchange Commission having filed a Complaint and Defendant John J. Masiz ("Defendant" or "Masiz") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendant having admitted that his conduct violated Section 17(a)(2) and (a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (a)(3)], as set forth in the Consent of Defendant John J. Masiz:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a)(2) and (a)(3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from providing information to, soliciting, or accepting investments or funds from, any investor or potential investor regarding the offer or sale of any securities issued by any entity that Defendant directly or indirectly owns, controls, consults for, or is employed by, without first providing such person with the following written disclosure regarding Defendant's prior regulatory history, and keeping a written record that he provided such written disclosure to that person:

I, John Masiz, make the following disclosure concerning my regulatory history:

2

1. *SEC v. Vaso Active Pharmaceuticals, Inc. and John Masiz*, No. 04-cv-1395-RJL (D.D.C.).

*See* SEC Litigation Release No. 18834, dated August 17, 2004, with additional statement, that is attached hereto.

2. *SEC v. BioChemics, Inc., et al.*, No. 12-cv-12324-MLW (D. Mass.).

On December 14, 2012, the Commission filed a lawsuit against BioChemics, Inc., Masiz, and two others, charging them with securities fraud in violation of Section 10(b) of, and Rule 10b-5 under, the Exchange Act and Section 17(a) of the Securities Act. *See SEC v. BioChemics, Inc. et al.*, No. 12-12324-MLW (D. Mass.). On 8/18/18 the Commission dismissed the claims against Masiz under Section 10(b) of, and Rule 10b-5 under, the Exchange Act and Section 17(a)(1) of the Securities Act. The remainder of the Commission's claims against Masiz were resolved by Settlement entered as a Final Judgment on 8/8/17. Pursuant to this Final Judgment, Masiz admitted that he violated Sections 17(a)(2) and (a)(3) of the Securities Act. The Final Judgment enjoined Masiz from future violations of these provisions, prohibited Masiz from acting as an officer or director of a public company, and ordered him to pay a $120,000 civil penalty. The Final Judgment also enjoined Masiz from providing information to, soliciting, or accepting investments or funds from,, any investor or potential investor regarding the offer or sale of any securities issued by any entity Masiz directly or indirectly owns, controls, consults for, or is employed by, without first providing this written disclosure and keeping a written record that he provided this disclosure to that person."

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)]. Defendant shall satisfy this obligation by paying $120,000 to the Securities and Exchange Commission within 180 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Masiz's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

4

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __August 18, 2017__     _____
UNITED STATES DISTRICT JUDGE

Disclosure Attachment to be Provided by Masiz Pursuant to Paragraph II



**U.S. Securities and Exchange Commission**

Litigation Release No. 18834 / August 17, 2004

**SEC Files Settled Action Charging Vaso Active Pharmaceuticals, Inc. and its President and CEO with Fraud**

*Securities and Exchange Commission v. Vaso Active Pharmaceuticals, Inc.*, Civil Action No. 04 CV 01395 (RJL) (D.D.C.)

On August 17, 2004, the Securities and Exchange Commission filed a settled civil injunctive action in the United States District Court for the District of Columbia against Vaso Active Pharmaceuticals Inc., and John Masiz, its President, Chairman and CEO. The Commission's complaint alleges that the Defendants made material misrepresentations and omissions in both public statements and filings with the Commission falsely claiming FDA approval for three of the company's products which were not, in fact, FDA approved.

Specifically, the Commission's complaint alleges that on July 3, 2003, Vaso Active filed a Form SB-2 registration statement with the Commission for an initial public offering. The filing was signed by John Masiz and stated that Vaso Active's products Athlete's Relief, Osteon, and Termin8 (then called deFEET) "have received FDA approval." This statement was repeated in amendments filed with the Commission. However, this statement was false and misleading because none of these products had received FDA approval.

The Commission's complaint also alleges that, in the company's 10-KSB, filed on March 26, 2004, Vaso Active made further false and misleading statements regarding its products. The filing states: "Athlete's Relief, Osteon, and Termin8 are qualified under FDA OTC monographs and have been registered as such." This statement was false and misleading because, to the extent that these products utilize a transdermal drug delivery system, the products did not satisfy FDA monograph requirements. Masiz signed the attached certification, stating that based on his knowledge, the filing contained no untrue statement of material fact.

Without admitting or denying the allegations in the complaint, the Defendants consented to the entry of final judgments permanently enjoining each of them from violating Section 17(a) of the Securities Act of 1933, Sections 10(b) and 13(a) of the Securities Exchange Act of 1934, and Rules 10b-5 and 13a-1 thereunder; and for Masiz, violation of Rule 13a-14, the certification provision. Masiz agreed to a final judgment barring him from acting as an officer or director of a public company for five years and requiring him to pay an $80,000 civil penalty. Previously, the Commission had ordered a ten-day trading suspension in Vaso Active securities arising from the facts alleged in the Complaint.

See also Release No. 34-49513 (April 1, 2004).

➢ SEC Complaint in this matter

http://www.sec.gov/litigation/litreleases/lr18834.htm    Modified: 08/17/2004

In the Consent Masiz signed that accompanied the Final Judgment, Masiz acknowledged that he "understands and agrees to comply with the Commission's policy 'not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint," and Masiz agreed "not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis."