UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-12324-MLW |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF'S STATUS REPORT

Plaintiff, the Securities and Exchange Commission ("Commission") files this status report as directed by the Court's April 4, 2018 Order (Dkt. No. 419) and Paragraph 3 of the April 3, 2018 Joint Report (Dkt. No. 418), as follows:

### I.     RELEVANT PROCEDURAL HISTORY

More than three years ago, in March 2015, this Court entered judgment against BioChemics in the amount of $17,897,884. (Dkt. No. 123, the "Judgment"; Dkt. No. 202, the "Modified Judgment"). Since that time, BioChemics has paid a total of $937,500 towards the Judgment. Specifically, BioChemics paid $750,000 towards the Judgment on October 23, 2015, an additional $87,500 on January 16, 2018 (Dkt. No. 391), and a $100,000 payment on January 19, 2018 (Dkt. No. 393). Pursuant to its terms, the Judgment also has been accruing interest.

On March 29, 2018, BioChemics informed the Court that it intended to satisfy the remainder of the Judgment during the week of May 21, 2018. (Dkt. No. 415, ¶C). On April 3, 2018, the parties agreed that "[i]n the event the Judgment is not satisfied by the intended date, BioChemics will work cooperatively with the Commission regarding the steps necessary for the

satisfaction of the Judgment from available assets, and the Commission will propose a detailed plan to the Court by June 6, 2018." (Dkt. No. 418, ¶3). As a result, the Court ordered the parties to file a supplemental report by June 6. (Dkt. No. 419).

Following the March 29, 2018 filing, BioChemics regularly kept the Commission apprised of its latest efforts undertaken to satisfy the Judgment. Despite those efforts, the transaction through which BioChemics expected to obtain the funding that would allow it to make a payment did not close, and BioChemics has failed to make any further payments towards the Judgment.

On Friday, June 1, 2018, BioChemics and the Commission conferred regarding the appropriate next steps. In light of the fact that BioChemics has made no payments towards the Judgment since its payment on January 19, 2018, the Commission's counsel informed BioChemics that, in its view, it is now time to move forward with a plan to ask the Court to appoint a receiver who will take the necessary steps to liquidate the assets in which the Commission has a first-priority security interest. The Commission has given BioChemics more than a reasonable opportunity to monetize its assets on its own in an effort to satisfy the Judgment. The Commission did so believing that any transaction accomplished privately by BioChemics would likely increase the value that BioChemics could obtain for its assets. Despite the Commission's patience (as well as the patience of BioChemics' Series E investors, who are awaiting the return of their investments in whole or in part), it is not in the interests of the Court or the Commission to allow any further extensions or delays.

## II.  PROPOSED NEXT STEPS

The Commission hereby asks the Court to appoint a receiver over the assets of BioChemics, Inpellis and the Shareholder Resolution Trust over which it has security interests.

*See* Dkt. Nos. 307-2 (Patent, Trademark and Copyright Security Agreement between Inpellis, Inc. and the Commission); 307-3 (Patent, Trademark and Copyright Security Agreement between BioChemics, Inc. and the Commission); 307-4 (Pledge and Security Agreement (Stock) between the Shareholder Resolution Trust and the Commission).  The Commission also requests that the Court order that BioChemics, Inpellis and the Shareholder Resolution Trust, acting either as themselves or through any person, subsidiary, affiliate or other entity they control, immediately cease any attempts to encumber, sell, transfer, pay, dispose of, or otherwise diminish the value of any assets they presently possess, as such assets should be available to satisfy the Judgment.

      The Commission also requests that the receiver be given the authority to investigate, and if proper, pursue claims to, any additional property that any of those three entities has transferred out of their control that could be used to satisfy the Judgment.  Further details concerning the scope of the proposed receiver's authority would be included in the proposed Order Appointing Receiver that the Commission would submit for the Court's approval pursuant to the proposed schedule outlined below.  The Commission asks that the Court direct the receiver to marshal the assets available to pay the Judgment, conduct a sale process to liquidate those assets, and hold the sums so collected in an escrow account until the Court approves a plan to distribute those sums to the investors in this case.

      The Commission proposes that the following next steps be taken in this matter:

      1)      The Commission staff will internally vet at least three qualified receiver candidates.  The Commission will ask the candidates to submit proposals, which will consist of a resume or similar statement of the applicant's education and experience, and a cover letter providing: (i) the hourly rates for each professional who would work on the matter; (ii) an

indication whether these rates reflect any discount from their usual rates; (iii) a general description of the steps the applicant would propose to take to liquidate the assets; (iv) how the applicant would staff the various tasks involved; (v) whether the applicant has any conflicts, and would agree to disclose any conflicts that may arise during the engagement; (vi) whether the applicant has previously served as a receiver or other independent person in a Commission matter; (vii) whether the applicant was previously employed by the Commission; and (viii) any other information deemed pertinent in view of the particular nature of this assignment.

2) The Commission staff will then select the candidate who appears to offer the best prospect of providing the maximum benefit to the Series E investors, considering such factors as estimated cost, and the reputation, credibility, and experience of the person in liquidating intellectual property.

3) By Friday, June 29, 2018, the Commission will submit a motion and proposed Order for appointment of the receiver candidate it has selected. If BioChemics agrees to the Commission's recommendation for a receiver and to the form of the proposed Order, the motion will be filed as an "assented-to" motion.

4) Any objections to the Commission's motion and/or proposed Order will be due by Friday, July 20, 2018.

5) If needed, the Court will set a date to hear argument on the proposed Order appointing the receiver.

### III. COMMISSION'S VIEW ON RECEIVER'S ASSIGNMENT IN THIS CASE

The following is a brief summary of the general powers and duties that the Commission intends to propose in greater detail in its proposed Order appointing a receiver.

**Suggested powers of the receiver:**

- To take custody of the assets in which the Commission has a first-security priority interest ("Receivership Property") and all relevant documents pertaining to the Receivership Property (including all paper and electronic books, records, documents, and accounts);

- To employ people in the receiver's discretion to assist in carrying out the duties and responsibilities, including, but not limited to, accountants, attorneys, financial or business advisers, liquidating agents, traders or auctioneers;

- To take such action as necessary and appropriate for the preservation of the Receivership Property or to prevent the dissipation or concealment of the Receivership Property;

- To prepare an accounting to trace any dissipation of Receivership Property or unwarranted transfers of Receivership Property;

- To institute or defend legal actions regarding the Receivership Property (such as third-party attempts to dissipate the assets or interfere or hinder the receiver's efforts); and,

- To take such other action as may be approved by this Court.

**Suggested duties of the receiver:**

- After his or her appointment by the Court, the receiver will develop a plan for the liquidation of the Receivership Property (the "Liquidation Plan"). Within 90 days of the entry date of the Order appointing the receiver, the receiver will file the Liquidation Plan with the Court, with service copies to counsel of record;

- The receiver will file periodic status reports with the Court detailing his efforts to liquidate the Receivership Property;

- The receiver will liquidate the Receivership Property to the best of his or her ability, and will hold the proceeds of the Receivership Property in an escrow account until further Court order for distribution of those funds to the investors in this case;

- Once some or all of the Receivership Property has been liquidated, the receiver may propose to the Court a plan to distribute the funds to the investors in this case; and

- At the close of the receivership, the receiver will submit a final accounting.

### III.  CONCLUSION

The Commission's three years of cooperation and patience working with Biochemics to resolve this matter in an attempt to obtain full payment of its Judgment have not borne

out. Biochemics has simply not come through with the amounts due under the Judgment despite their repeated assurances of such. Thus, there exists no reason to delay appointment of a receiver in this matter.

Dated: June 6, 2018

Respectfully submitted,

**Securities and Exchange Commission**

/s/ David H. London
Kathleen Burdette Shields (BBO No. 637438)
David H. London (BBO No. 638289)
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8997(London direct)
Email: shieldska@sec.gov
londond@sec.gov

Certificate of Service

     I hereby certify that, on June 6, 2018, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notice in this case.

                                                   /s/ David H. London
                                                   David H. London