UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff<br><br>v.<br><br>BIOCHEMICS, INC., ET AL.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 12-12324-MLW<br>)<br>)<br>)<br>)<br>) |

**MOTION OF ADEC PRIVATE EQUITY INVESTMENTS, LLC FOR LEAVE TO FILE LIMITED OPPOSITION TO THE COMMISSION'S PROPOSED ORDER FOR APPOINTMENT OF RECEIVER**

ADEC Private Equity Investments, LLC ("ADEC") respectfully seeks leave to file a limited opposition to the Proposed Order Appointing Receiver filed by the Securities and Exchange Commission ("Commission"). *See* Doc. 423-2. More specifically, ADEC seeks to be heard in opposition to the provisions of the Proposed Order that would enjoin ADEC and the other noteholders and creditors of Inpellis, Inc. ("Inpellis") from instituting or maintaining actions against the Commission and/or Inpellis asserting fraudulent transfer or debt collection claims in either state court or before the United States Bankruptcy Court. *Id.* at 9, 10, 13. In the alternative, ADEC requests that the Court summarily deny the Commission's request for an anti-litigation injunction against ADEC. As grounds for its motion, ADEC states as follows:

1.  On May 16, 2017, ADEC moved for relief from judgment or, in the alternative, to intervene in this action for the purpose of challenging the grant of a security interest to the Commission in the intellectual property of Inpellis, Inc. ("Inpellis"), also a non-party to this case.

2.  The Commission opposed ADEC's motion, consistently maintaining that ADEC had an adequate alternative remedy because it could pursue litigation concerning its claims in

venues other than this Court, including in state court litigation and, with respect to ADEC's fraudulent transfer claims against the Commission, in a bankruptcy proceeding. *See, e.g.*, Commission's Opposition to ADEC Private Equity Investments, LLC's Motion for Relief from Judgment or to Intervene (Doc. 307) at 10 ("Litigation concerning the debt ADEC seeks to collect from Inpellis is more appropriately brought in a private action involving state law[.]"); *id.* ("To allow ADEC to intervene and become a party to this case is not necessary to permit ADEC to assert an appropriate claim against Inpellis[.]"); *id.* at 12 ("in our view it is preferable to require private parties to commence their own actions than to have the SEC bogged down through intervention") (quoting *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239-40 n. 5 (2d Cir. 1972)). *See also* November 29, 2017 Hearing Tr. at 47 ("The SEC would take the position that sovereign immunity precludes -- *outside of a bankruptcy context*, sovereign immunity precludes the SEC from being charged with fraudulent conveyance.").

3. The Commission's argument that ADEC had judicial remedies available other than intervention was a factor considered by the Court in its March 22, 2018 order denying ADEC's motion to intervene. *See* Transcript of March 22, 2018 Hearing at 28, 42-43.

4. Having prevented ADEC from asserting its fraudulent transfer claims in this case, the Commission seeks an order enjoining ADEC and the other Inpellis noteholders from pursuing *any* claims in *any* court that would either (a) challenge the Commission's security interest in the intellectual property of Inpellis on fraudulent transfer grounds; (b) involve Inpellis, and past or present officers, directors, or agents of Inpellis; or (c) involve any "Receivership Assets" (defined as including Inpellis's intellectual property in which both the SEC and ADEC have a security interest). *See* Proposed Form of Order Appointing Receiver, Document 423-2 at Pages 2, 9, 10, 13.

5.      As the Commission recently stated, from May 31, 2017 until the filing of its Motion to Appoint a Receiver, the Commission agreed to forbear from exercising its rights to enforce the judgment against BioChemics because BioChemics had "provided it with information to demonstrate that it was making reasonable and diligent efforts to enter into a transaction that would allow it to monetize its assets and thereby pay the judgment." *See* Motion for Appointment of a Receiver, Dkt. No. 423, at 3.  Even after the latest due date for satisfying the judgment had passed, the Commission agreed to give BioChemics additional time "because it continued to receive reports from BioChemics concerning viable transactions that had the potential to pay the Modified Judgment as well as other creditors in full." *Id.*

6.      Throughout this matter, ADEC also has not taken any precipitous action that might unduly prejudice BioChemics's financing and sales efforts.  Like the Commission, ADEC forbore from exercising its rights based on the information provided by BioChemics about its efforts to close a transaction.  And, like the Commission, ADEC has not waived its rights to pursue its remedies against either Inpellis or the Commission, whether in state court or Bankruptcy Court.

7.      ADEC anticipates that the Commission may rely on cases such as *S.E.C. v. Byers*, 609 F.3d 87 (2d. Cir. 2010), in which the Second Circuit recognized that district courts have the authority—to be used "sparsely," "sparingly," and "cautiously"—to enter anti-litigation injunctions.  *Id.* at 89, 91, 92.  ADEC submits that the exercise of such authority is not warranted in a case where, unlike in *Byers*, the proposed order would prohibit actions against a non-party, would deprive ADEC and other Inpellis noteholders of their right to pursue claims against the Commission itself (including in bankruptcy), and would permit limited assets to be liquidated and distributed prior to a resolution of ADEC's claims.

WHEREFORE, ADEC respectfully requests that the Court either (a) summarily deny the Commission's request for an anti-litigation injunction against ADEC; or (b) grant ADEC leave to file a limited opposition to the Commission's Proposed Order for a Receiver on or before July 20, 2018, the date on which the Court previously has ordered BioChemics to respond to the motion.

**ADEC Private Equity Investments, LLC**

By its attorneys,

*/s/ Jonathan M. Albano*
Jonathan M. Albano, BBO #013850
P. Sabin Willett, BBO #542519
Elizabeth Marie Bresnahan, BBO #672577
jonathan.albano@morganlewis.com
sabin.willett@morganlewis.com
elizabeth.bresnahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  July 10, 2018

- 5 -

## CERTIFICATE OF SERVICE

I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 10, 2018.

                                              */s/ Jonathan M. Albano*
                                              Jonathan M. Albano

DB1/ 98253990.1