UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BIOCHEMICS, INC., ET AL., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 12-12324-MLW |

**LIMITED OPPOSITION OF ADEC PRIVATE EQUITY INVESTMENTS, LLC TO THE COMMISSION'S PROPOSED ORDER FOR APPOINTMENT OF RECEIVER**

ADEC Private Equity Investments, LLC ("ADEC") respectfully submits this limited opposition to the [Proposed] Order Appointing Receiver filed by the Securities and Exchange Commission ("Commission"). *See* Doc. 423-2. ADEC has no objection to the Proposed Order as it applies to BioChemics and the assets of BioChemics. But as it applies to Inpellis, Inc. ("Inpellis"), a non-party, and the assets and liabilities of Inpellis, the proposed order would obliterate the corporate form, interfere with rights secured to Inpellis and its creditors by statute, and immunize the government from fraudulent transfer claims. The Proposed Order first would grant the Court exclusive jurisdiction and possession over assets of Inpellis, a non-party, *see* proposed order para 1. No authority is cited for this relief.[1] It also would prohibit Inpellis and its fiduciaries from seeking relief under Title 11 of the U.S. Code, *see* Proposed Order ¶ 42) – a right that is secured to Inpellis by Congress, *see* 11 U.S.C. section 301. Next, the Proposed Order would prohibit Inpellis's creditors – whose intervention in this proceeding the SEC stoutly and

---

[1] *Compare* 28 U.S.C. § 1697 (authorizing joinder of parties by supplemental jurisdiction on claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

successfully resisted -- from seeking any relief available to them anywhere, including relief under Title 11 secured to them by 11 U.S.C. section 303.  Proposed Order ¶ 42.  The Proposed Order would prohibit all Inpellis creditors from instituting rights they enjoy today to seek relief in the Court of Claims, or elsewhere, in an effort to avoid fraudulent transfers made by Inpellis at the instigation of the SEC.  *Id.* at 9, 10, 13.

As further grounds for its opposition, ADEC states as follows:

1. On May 16, 2017, ADEC moved for relief from judgment or, in the alternative, to intervene in this action for the purpose of challenging the grant of a security interest to the Commission in the intellectual property of Inpellis.  ADEC argued that the Commission had engaged in a fraudulent transfer under G.L. c. 109A when it obtained from Inpellis (a non-party to this case) a security interest in Inpellis's intellectual property.  *See* Doc. 276 at 12-15 and Doc. 398 at 4-9 (summarizing ADEC's claims of constructive and actual fraud).

2. The Commission opposed ADEC's motion, including by consistently maintaining that ADEC had an adequate alternative remedy because it could pursue litigation concerning its claims in venues other than this Court, including, with respect to ADEC's fraudulent transfer claims against the Commission, in a bankruptcy proceeding.  *See, e.g.*, Commission's Opposition to ADEC Private Equity Investments, LLC's Motion for Relief from Judgment or to Intervene (Doc. 307) at 10 ("Litigation concerning the debt ADEC seeks to collect from Inpellis is more appropriately brought in a private action involving state law[.]"); *id.* ("To allow ADEC to intervene and become a party to this case is not necessary to permit ADEC to assert an appropriate claim against Inpellis[.]"); *id.* at 12 ("in our view it is preferable to require private parties to commence their own actions than to have the SEC bogged down through intervention") (quoting *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1239-40 n. 5 (2d Cir. 1972)).  *See also* November 29,

2017 Hearing Tr. at 47 ("The SEC would take the position that sovereign immunity precludes -- *outside of a bankruptcy context*, sovereign immunity precludes the SEC from being charged with fraudulent conveyance.") (emphasis added).

3.  The Commission's argument that ADEC had judicial remedies available other than intervention was a factor considered by the Court in its March 22, 2018 order denying ADEC's motion to intervene.  *See* Transcript of March 22, 2018 Hearing at 28, 42-43.

4.  Having successfully argued that ADEC should be precluded from asserting its fraudulent transfer claims in this case, the Commission now seeks an order enjoining ADEC, the other Inpellis noteholders (and all other Inpellis creditors) from pursuing *any* claims in *any* court that would either (a) result in the appointment of a bankruptcy trustee authorized to pursue fraudulent transfer claims against the SEC for the benefit of creditors of Inpellis; (b) involve Inpellis, and past or present officers, directors, or agents of Inpellis; or (c) involve any "Receivership Assets" (defined as including Inpellis's intellectual property in which both the SEC and ADEC have a security interest).  *See* Proposed Form of Order Appointing Receiver (Doc. 423-2) at Pages 1-2, 9 (¶ 23(A) and (C)), 10 (¶ 26), 13 (¶ 42).

5.  ADEC acknowledges that district courts have the power to enter anti-litigation injunctions in appropriate cases, albeit a power that is to be used "sparsely," "sparingly," and "cautiously."  *S.E.C. v. Byers*, 609 F.3d 87, 89, 91, 92 (2d. Cir. 2010).  ADEC is not aware of any cases, however, in which an anti-litigation injunction was entered to prevent the assertion of claims against the SEC (or similarly situated creditors) who seek the appointment of a receiver over the assets of others.  *See Byers*, 609 F.3d 87 (no allegation of actionable conduct on the part of the SEC); *see also S.E.C. v. Universal Fin.*, 760 F.2d 1034 (9th Cir. 1985); *S.E.C. v. Wencke*, 622 F.2d

1363 (9th Cir. 1980); *S.E.C. v. Illarramendi*, No. 11-CV-78 (JBA), 2012 WL 234016 (D. Conn. Jan. 25, 2012) (same).

6. In contrast, the injunction sought by the Commission would preclude ADEC and the other noteholders from exercising their right to pursue any judicial remedy for meritorious claims against the Commission and Inpellis, and would prohibit the filing of a bankruptcy petition that could result in the adjudication of fraudulent transfer claims against the SEC, potentially benefiting all Inpellis creditors. *See, e.g.* 11 U.S.C § 106 ("Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Sections ... 544 ... of this title [permitting a trustee to avoid any transfer of an interest of the debtor in property that is voidable under applicable law].").[2]

7. Wholly apart from due process concerns, the relief requested by the Commission raises significant jurisdictional issues. The Commission brought this case alleging specific acts of securities fraud against the defendants. It now asks the Court to exercise control over the assets of a non-party. Even if the Commission had asked this Court to join Inpellis as a party (and it has not), the various and ephemeral fraudulent transfer theories on which the Commission has relied are not part of the same "case or controversy" asserted in the complaint against the defendants, a statutory requirement for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a)

---

[2] *U.S. v. Acorn Tech. Fund, L.P.*, 429 F.3d 438 (3d Cir. 2005) does not support the Commission's position. The *Acorn* Court refused to lift a litigation stay with respect to a claim against the Small Business Administration that was barred by the Federal Tort Claims Act. *Id.* at 445-47. There is no such bar here, whether the fraudulent transfer claim is pursued in the district court or in the bankruptcy court.

WHEREFORE, ADEC respectfully requests that the Court deny the Commission's motion for entry of an anti-litigation injunction against ADEC, the other noteholders and creditors of Inpellis.

**ADEC Private Equity Investments, LLC**

By its attorneys,

*/s/ Jonathan M. Albano*
Jonathan M. Albano, BBO #013850
P. Sabin Willett, BBO #542519
Elizabeth Marie Bresnahan, BBO #672577
jonathan.albano@morganlewis.com
sabin.willett@morganlewis.com
elizabeth.bresnahan@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  July 20, 2018

- 6 -

**CERTIFICATE OF SERVICE**

    I, Jonathan M. Albano, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 20, 2018.

                                            */s/ Jonathan M. Albano*
                                            Jonathan M. Albano

DB1/ 98253990.1