UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 12-12324-MLW |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, ) ) ) ) ) | |
| Defendants. ) | |

**COMMISSION'S RESPONSES TO OPPOSITIONS TO THE
MOTION FOR APPOINTMENT OF A RECEIVER**

The Securities and Exchange Commission ("Commission") hereby responds to: (i) the Limited Opposition of ADEC Private Equity Investments, LLC to the Commission's Proposed Order for Appointment of a Receiver ("Limited Opposition," Dkt. No. 427); and (ii) BioChemics' Opposition to Commission's Motion for Appointment of a Receiver ("Opposition," Dkt. No. 428).

**I.     The Commission's Response to ADEC**

On July 20, 2018, ADEC filed its Limited Opposition, relying on its concern that the anti-litigation injunction in the [Proposed] Order Appointing Receiver (Dkt. No. 423-2), "would prohibit the filing of a bankruptcy petition . . . ." *See* Limited Opposition, ¶6. To that end, on July 26, 2018, ADEC filed an involuntary petition of bankruptcy against Inpellis, Inc. ("Inpellis") in the United States Bankruptcy Court for the District of Massachusetts. *See* Dkt No. 429.

The Commission's request for appointment of a receiver streamlines the process of monetizing assets. The result would be a single person to control the available assets and to take

the necessary steps to liquidate those assets in an effort to satisfy the supplemental judgment entered against BioChemics on March 25, 2015. *See* Dkt. No. 123 (the "Judgment"). Appointing a receiver therefore represents the most efficient and fair method to maximize the amount of funds available to be returned to investors (and potentially to claimants such as ADEC). As ADEC is aware, until the assets are reduced to a specific value, there exists no mechanism to determine how much money will actually be available for distribution. ADEC's involuntary bankruptcy petition serves only as a misguided attempt to leverage this efficient and impartial process, multiply legal proceedings, and increase the timeframe and expenses involved—all of which can only result in a diminution of actual funds that will be available at the conclusion of these proceedings to return to harmed investors.

## II.     The Commission's Response to BioChemics

On July 21, 2018, BioChemics filed its Opposition. While it is not entirely clear what BioChemics' argument is in the first paragraph, the Commission certainly does not believe that the Shareholder Resolution Trust ("Trust") should be transferring away any assets (at least without further clarification or Court approval). Moreover, to the extent that BioChemics cites to Massachusetts state law, this matter involves an equity receivership in a Commission action subject to this Court's authority to act in furtherance of the Judgment through the Court's broad equity powers. Thus, Massachusetts General Laws does not govern. *See, e.g., Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc.*, 683 F.2d 25, 26 (1st Cir. 1982) (appointment of receivers in federal court is controlled by federal law). While some rights have been established by contractual agreements between parties in this case[1], this Court's broad authorization to

---

[1]     *See* Dkt. Nos. 307-1 (Settlement Agreement between Commission, BioChemics and the Trust); 307-2 (Patent, Trademark and Copyright Security Agreement between Inpellis and the Commission); 307-3 (Patent, Trademark and Copyright Security Agreement between BioChemics, Inc. and the Commission); 307-4 (Pledge and

appoint an equity receiver is neither limited nor controlled by state law. *See, e.g., SEC v. Quan*, 870 F.3d 754, 762 (8th Cir. 2017) (district court has "broad equitable power" and is "not required to distribute [receivership] assets in accordance with the contractual rights of the parties"); *SEC v. Byers*, 609 F.3d 87, 92 (2nd Cir. 2010) ("district courts may appoint receivers as part of their broad power to remedy violations of federal securities laws").

As to the second paragraph of its Opposition, BioChemics claims that it is in the "interest of all parties to have BioChemics remain in possession of its assets and to continue its efforts . . . ." Dkt No. 428, ¶2. The Commission has given BioChemics more than ample opportunity to monetize its assets on its own. Allowing BioChemics to retain possession has proven unfruitful. Furthermore, BioChemics promised the Court that it would cooperate with the Commission regarding the steps to be taken to satisfy the judgment:

- "In the event the Judgment is not satisfied by the intended date, BioChemics will work cooperatively with the Commission regarding the steps necessary for the satisfaction of the Judgment from available assets . . . ." Dkt No. 418; and

- "BioChemics has stated and intends 'to work cooperatively with the Commission regarding the steps necessary for the satisfaction of the Judgment from available assets . . . .'" Dkt No. 421.

BioChemics' request for more time frustrates its promise to work cooperatively.

### III.  Conclusion

The Commission has been more than patient with BioChemics. This strategy bore no fruit. Thus, appointing a receiver provides the fairest forum and most efficient process to maximize the amounts of funds available to return to investors.

---

Security Agreement (Stock) between the Shareholder Resolution Trust and the Commission); 307-5 (Subordination Agreement).

Dated: July 27, 2018

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION,
By its attorneys,

/s/ David H. London
Kathleen Burdette Shields (BBO #637438)
David H. London (BBO #638289)
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8904 (Shields direct)
Telephone: (617) 573-8997 (London direct)
E-mail: shieldska@sec.gov
londond@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2018, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ David H. London
David H. London