UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-12324-MLW |
| | ) | |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) | |
| | ) | |
| Defendants. | ) | |

**BIOCHEMICS' RESPONSE
TO ADEC'S OPPOSITION & THE COMMISSION'S "RESPONSE"**

The action of ADEC in filing an involuntary petition against Inpellis to commence a

Chapter 7 liquidation ("Petition") is but the beginning of the procedural and substantive

whirlwind that the Commission has let loose by its injudicious demand that a receiver be

appointed at this critical juncture.  While the passage of time makes a lack of patience and a

desire for results understandable, it comes without any appreciation for the substantial time,

talent, people, and money that is required to maintain the value and monetize the assets - a

monumental effort that has been expended and continues to be expended to ensure that

BioChemics and its related entity, Inpellis, can make good on their obligations.  As detailed

below, BioChemics' efforts which are being waged with great intensity on several promising

fronts are by any measure significantly more likely to realize meaningful substantive value than

either a receivership or bankruptcy proceeding, alone or together can produce.  This, as opposed

to the maelstrom that a demand for a receiver has caused – a demand which in the words of the

Commission will now result in: "leverage[ing]" of this proceeding, the "multipl[ication] of] legal

proceedings", and the "increase [of] the timeframe and expenses involved – all of which can only result in a diminution of actual funds that will be available" to satisfy the obligations at issue.[1] As also detailed below, both the action by some of the ADEC creditors and the receievership demand by the Commission, are being taken without an appropriate appreciation for the unintended consequences that result from the myopic pursuit of an ill-conceived endpoint – an approach that only ensures that *no* interest is served. The fact remains, BioChemics' ongoing efforts to maintain and monetize the intellectual property, at no expense to the Commission and ADEC, provides the only real prospect and opportunity to realize the necessary value.

## I.     PROCEEDURAL & SUBSTANTIVE COMPLICATIONS

As indicated by the Commission, a summons was served on Inpellis on July 27, 2018 as a result of some of the ADEC creditors filing the Petition. While the District court has jurisdiction over Bankruptcy cases, petitions for Bankruptcy are filed in the Bankruptcy court pursuant to a standing order of reference. Under the Bankruptcy Rules, the debtor, Inpellis, has 21 days from service to either answer the Petition or move to dismiss under FRCP Rule 12(b) incorporated into FRBP Rule 1011. The filing of a Rule 12(b) motion will extend the time to answer the Petition until the Rule 12(b) motion is resolved. The debtor and others affected by the Petition may move to withdraw the reference back from the Bankruptcy court to the District court. Such motion to withdraw the reference is required to be filed in the Bankruptcy court and be heard by the District Court pursuant to FRBP Rule 5011. The time periods applicable to filing such a motion are in the usual course set by the District Court. In addition, a debtor or any affected party may seek a stay of proceedings in the Bankruptcy court pending disposition of the withdrawal motion. The motion for a stay is heard and resolved by the Bankruptcy court. In the

---

[1] Commission's 7-27-18 Reply p. 2.

event the Bankruptcy court denies the motion for a stay, the movant can then submit the motion to the District court for disposition.

As the Commission has pointed out, the Bankruptcy Petition has set in motion a parallel proceeding that will necessarily require piecemeal treatment of the intellectual property assets at issue – intellectual property some of which is co-owned by the related entities.   More troubling, is the fact that parallel proceedings will necessarily entail piecemeal litigation of issues that affect the interests in and rights arising out of such assets.  These competing issues, interests, and rights will all have to be sorted out at some point by the respective courts, appointed fiduciaries, and parties-in-interest involved.

Even without this additional complexity now in process as a result of the Petition filing, the Commission's effort to have a receiver appointed (the precipitating event) will by necessity set in motion the efforts by others who perceive the appointment as a direct threat to their asserted interests in the assets.  This will no doubt result in additional filings in either this or other courts.

All of these present and potential filings and actions that stem directly from the Commission's demand for the immediate appointment of a receiver will ineluctably result in the devaluation if not full destruction of the commercial value of the assets and render them toxic in the marketplace.

## II.      ONGOING EFFORTS TO MAINTAIN/MONETIZE VALUE

It is undisputable that continuous, prodigious and effective efforts have been expended by and on behalf of BioChemics since modification of the Judgment that resulted from the court approved Settlement in April, 2016.   Since that time, more than $2 Million dollars has been spent and substantial services performed in order to both maintain and commercialize the assets

at issue.  In addition to the necessary ependitures in fees and services required for the proper

maintenance of the wide-ranging BioChemics' patent portfolio, in February, 2017, BioChemics

successfully obtained approval for the second generation of US patents regarding VALE

technology.  This was in addition to obtaining of the issuance of a host of other related patents in

foreign jurisdictions.  Also, BioChemics developed an application of the technology to herb-

based substances which opened up a whole new commercial opportunity that BioChemics has

and continues to exploit.  More significantly, BioChemics has expanded the technology's

application so that the portfolio which was research and development based can now be

exploited by others to produce substantial revenue in the near term.  The expanded application of

the technology to treat urgent underserved medical conditions has drawn the involvement of

medical practitioners and research scientists from leading institutions in the US, Canada, and

Europe.  These facts have created substantial opportunities for the monetization of the assets that

BioChemics and others on its behalf are pursuing.

     The threatened appointment of a receiver and the filing of the Petition which pose a direct

and substantial threat to the value of the assets have caused not only Series E investors

representing a major portion of the investment as well as BioChemics' and Inpellis' other

investors and creditors (including the Series A and C investors) to reach out to BioChemics in

the hopes that together we can design a reasonable monitoring program that best protects

everyone's interest and allows BioChemics to continue its efforts, unimpeded by Receivership or

Bankruptcy.

     For these reasons, BioChemics respectfully opposes the pending requests of the

Commision and ADEC's creditors and requests the Court set up a schedule for the parties to

address all of the issues initiated by the Receivership motion and Petition.

Dated: July 27, 2018

Respectfully submitted by its counsel:


/s/ Jan Schlichtmann
Jan R. Schlichtmann, Esq. (BBO #445900)
Jan R. Schlichtmann Atty At Law
PO Box 233
Prides Crossing, Massachusetts 01965
Telephone: (978) 927-1037
Email: jan@schlichtmannlaw.com
Attorney for BioChemics

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on July 27, 2018 a true and correct copy of the foregoing document was served on counsel for the Commission by electronic service through the CM/ECF.

Dated: July 27, 2018

Respectfully submitted,

BioChemics
By its attorney

<u>/s/ Jan Schlichtmann</u>
Jan R. Schlichtmann, Esq. (BBO #445900)
Jan R. Schlichtmann Atty At Law
PO Box 233
Prides Crossing, Massachusetts 01965
Telephone: (978) 927-1037
Email: jan@schlichtmannlaw.com

**Electronic Service:**

**Commission:**

Kathleen Burdette Shields (BBO No. 637438)
David H. London (BBO No. 638289)
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8904 (Shields direct)
Email: shieldska@sec.gov
londond@sec.gov