UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-12324-MLW |
| | ) | |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINT REPORT**
**PURSUANT TO COURT'S 9-12-18 ORDER (Doc. #441)**

Pursuant to the Court's September 12, 2018 Order (Doc. #441), the Parties submit this

joint report. The parties understand that ADEC intends to submit a separate brief.

**I.      9-12-18 ORDER**

The Court by Order dated September 12, 2018 (Doc. #441), directed the Parties and

ADEC to:

**1) By September 21, 2018:**

[C]onfer and report, jointly if possible but separately if necessary, on whether they have
reached an agreement to resolve the outstanding issues in this case. If no agreement has
been reached, the report shall state whether the parties and ADEC request until October
2, 2018, to continue their discussions.

**2) By October 2, 2018**

If the parties and ADEC have not previously reached an agreement, they shall, by
October 2, 2018, confer and report again, jointly if possible but separately if necessary,
on whether they have reached an agreement to resolve the outstanding issues in this case.
If no agreement has been reached, the report shall identify the issues that they request the
court decide, and the parties and ADEC shall submit supplemental memoranda
concerning their positions on those issues.

**3) October 9, 2018**

If necessary, a hearing shall be held on October 9, 2018 at 2:00PM.

## II.   DEVELOPMENTS SINCE THE PARTIES' SEPTEMBER 21, 2018 REPORT

Since the parties' report to the Court on September 21, 2018 (Dkt. No. 444), BioChemics, the Commission and ADEC have continued to discuss the potential sale of BioChemics' assets that was described at that time.  BioChemics has provided the parties with copies of proposed transactional documents, answered the parties' questions about those documents, and made edits to those documents in response to the parties' comments and concerns.

The present transaction, for which BioChemics will be seeking the court's approval at the October 9 hearing, is comparable to the transaction that this Court approved last fall in that it involves a sale of rights to BioChemics' technology for use in the "Herb-Based Substances" field in exchange for a payment of $5 million.  *See* Dkt. No. 356 (BioChemics' Motion for Approval of Partial Transfer of BioChemics Intellectual Property); Dkt. No. 360 (10/13/17 Order allowing BioChemics motion).  There are several differences between last year's proposed transaction and this year's proposed transaction:  1) the definition of Herb-Based Substances is slightly broader in that it extends beyond cannabinoid compounds to naturally-occuring herbal compounds that are not considered by the FDA to be prescriptive drugs or active pharmaceutical ingredients;  2) the entity purchasing the rights is affiliated with defendant Masiz, his family, and his family's interests; and 3) $1 million of the $5 million purchase price will be deposited into the Court's registry before the hearing scheduled for October 9, 2018, and the remaining $4 million will be deposited into the Court's registry by October 31, 2018.

In addition to this proposed transaction, BioChemics is working on additional transactions to sell its intellectual property for use with other types of compounds, and in other

therapeutic areas. Inpellis shares joint ownership rights with BioChemics for the application of their intellectual property to some of those other compounds and therapeutic areas.

## II.      BIOCHEMICS POSITION

BioChemics today paid $250,000 into the registry of the Court on account of the $1 Million to be paid by the time of the October 9, 2018 hearing. BioChemics has nothing substantive to add to the Commission's report. The only point of disagreement is with respect to the Commission's request that its Revised Proposed Order Appointing Receiver enter automatically if either of the payment deadlines is missed. BioChemics submits that, in the event that either payment is missed, it would be in the best interests of all parties to review at such time the status of BioChemics' efforts to market its assets before the Court acts on the Commission's request to appoint a receiver.

BioChemics reserves its right to respond to the report that will separately be filed by ADEC.

## III.      COMMISSION'S POSITION

To the extent that BioChemics has deposited $1 million into the Court's registry by the time of the October 9, 2018 hearing, the Commission is willing to agree to postpone its request that this Court appoint a receiver over the assets of BioChemics and the Trust until at least November 1, 2018. If BioChemics then completes the Herb-Based Substances transaction and deposits the remaining $4 million of the purchase price into the Court's regiatry by October 31, 2018, the Commission would be willing to agree to a limited postponement of its request that the Court appoint a receiver. If the Herb-Based Substances transaction closes and the $5 million purchase price is deposited into the Court's registry by October 31, the Commission proposes that the parties then file another status report with the Court by November 6 to address any

agreements they may reach, or their respective positions concerning, BioChemics' additional deadline to pay the balance of the judgment amount and to repay sums owed to ADEC.

If either $1 million is not deposited into the Court's registry by the time of the hearing on October 9, 2018, or an additional $4 million is not deposited into the Court's registry by October 31, 2018, the Commission requests that its Revised Proposed Order Appointing Receiver (filed on October 2, 2018) be entered by the Court on the next business day following those missed deadlines without the need for any further hearing by the Court.

The Commission's Revised Proposed Order Appointing Receiver has adopted most of the changes suggested by ADEC in its revision of that order filed on August 27, 2018 (Dkt. No. 435-1). In light of the Court's comments at the last hearing concerning the Court's likely view of the relationship between the bankruptcy and district courts' jurisdiction, the Commission has amended its proposed order to delete assets currently titled in the name of Inpellis from the scope of the Receivership Assets over which the Receiver would have control. The Commission believes that its existing first priority security interest in those assets now owned by Inpellis gives it the right to control their disposition, but will assert its rights to those assets to the bankruptcy court.

The Commission expects that BioChemics would object to the issuance of the Order Appointing Receiver if the Herb-Based Substances transaction does not close by October 31, 2018 and the corresponding $5 million payment has not been deposited by that date. The Commission would urge the Court to overrule those objections and issue that Order. There must be a point at which BioChemics' chances to monetize its assets on its own have run out. The Commission submits that if the current transaction fails, that time has come.

Dated: October 2, 2018

Respectfully submitted by:

**BioChemics**

/s/ Jan R. Schlichtmann
Jan R. Schlichtmann, Esq. (BBO #445900)
Jan R. Schlichtmann Atty At Law
PO Box 233
Prides Crossing, Massachusetts 01965
Telephone: (978) 927-1037
Email: jan@schlichtmannlaw.com
Attorney for BioChemics

**Commission:**

/s/ Kathleen Burdette Shields
Kathleen Burdette Shields (BBO No. 637438)
David H. London (BBO No. 638289)
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8904 (Shields direct)
Email: shieldska@sec.gov
londond@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2018, a true and correct copy of the foregoing document was served on counsel for all parties by electronic service through the CM/ECF system.

October 2, 2018                                   /s/ Kathleen B. Shields
                                                 Kathleen B. Shields