UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., ET AL.,<br><br>Defendants. | CIVIL ACTION<br>NO. 12-12324-MLW |

**ADEC'S RESPONSE TO COURT ORDER OF OCTOBER 26, 2018
CONCERNING RECEIVER MOTIONS**

ADEC Private Equity Investors, LLC ("ADEC") responds to the Court's October 26, 2018 Order directing that, by November 1, 2018, the Securities and Exchange Commission ("SEC") and ADEC "report whether they have any objection(s) to Receiver's Motions for Orders to Employ Murtha Cullina LLP as Counsel for the Receiver [457], to Employ Verdo[l]ino & Lowey P.C. as Accountants for the Receiver [458], to Turnover [] Funds [459], and/or to Limit Notice [460], and if so, explain their objections."

ADEC assents to the Receiver's Motions for Orders to Employ Murtha Cullina LLP as Counsel for the Receiver (Dkt. 457), to Employ Verdolino & Lowey, P.C. as Accountants for the Receiver (Dkt. 458), and to Limit Notice[1] (Dkt. 460).

ADEC does not object to the Receiver's Motion for Turnover of Funds (Dkt. 459), but notes a concern about the motion. The motion relates to $437,000 held in the Court's registry ("Funds") (*see* Dkt. 459 at ¶ 4). The Receiver asserts, and neither BioChemics nor the SEC denies,

---

[1] Pursuant to paragraph 5 of the Motion to Limit Notice, on October 25, 2018 undersigned counsel provided written notice to counsel for the Receiver requesting notice of pleadings and other papers filed in the above-captioned matter.

that the Funds are property of BioChemics.  If true, that would be *exceedingly* odd.  The Court was regularly advised that the registry funds were a deposit, made by a potential purchaser, in respect of a future transaction.  To take one example, the Court was advised that the most recent $250,000 registry deposit was "on account of **the $1 Million [of the $5 million intellectual property purchase price]** to be paid by the time of the October 9, 2018 hearing."  October 2, 2018 Status Report (Dkt. 445) (emphasis added).  That purchase never closed.  So it is hard to understand why the putative buyer has not claimed ownership of those funds.  Any legitimate third party would have done so.

A possible explanation, of concern to ADEC, is that the funds are really property of Inpellis, Inc., which the other parties in the case are only too happy to see swept into the BioChemics estate.  ADEC has never received an accounting of what happened to approximately $2.5 million in Noteholder funds that remained at Inpellis when BioChemics terminated Inpellis' IPO effort.  *See* Dkt. 447.

Any funds of Inpellis would be subject to the automatic stay in Inpellis's involuntary bankruptcy case, and ADEC is confident that the Receiver understands the significance of that possibility.  Accordingly, ADEC does not object to the Motion for Turnover of Funds, <u>provided that</u>, upon turnover, the Funds will be held by the Receiver and not distributed until Inpellis's Chapter 7 Trustee can examine whether the Funds include, in part or in whole, assets of Inpellis.  ADEC has received assurances from the Receiver that he will receive the Funds subject to that reservation, and on that basis assents to the relief.

**ADEC Private Equity Investments, LLC**

By its attorneys,

*/s/ Elizabeth M. Bresnahan*
Jonathan M. Albano, BBO #013850
P. Sabin Willett, BBO #542519
Elizabeth M. Bresnahan, BBO #672577
jonathan.albano@morganlewis.com
sabin.willett@morganlewis.com
elizabeth.bresnahan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  November 1, 2018

## CERTIFICATE OF SERVICE

I, Elizabeth M. Bresnahan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 1, 2018.

/s/ *Elizabeth M. Bresnahan*
Elizabeth M. Bresnahan