UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                      Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>                      Defendants. | CIVIL ACTION NO. 12-12324-MLW |

## RECEIVER'S MOTION TO APPROVE SETTLEMENT WITH LANDLORD

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver"), hereby requests the entry of an Order approving (i) an agreement to settle a pending action filed by Rosewood Drive, LLC and Symes Danvers, LLC (together, the "Landlord") against Biochemics, Inc. ("Biochemics") as tenant, and (ii) an agreement by and between the Receiver and BioPhysics Pharma, Inc. as to the payment of the settlement amount to the Landlord.

In support of this Motion, the Receiver respectfully states:

1.     On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Docket No. 423) of defendant Biochemics, Inc. and its related party, the Shareholder Resolution Trust (the "SEC Motion").

2.     On October 9, 2018, the Court entered an Order (Docket No. 452) granting the SEC's Motion and appointing the Receiver (the "Receiver Order").

## THE LANDLORD ACTION

3.     On or about April 3, 2018, the Landlord commenced an action in the Essex County Superior Court, Civil Action No. 18-CV-52OD (the "Landlord Action"), against Biochemics and guarantor John J. Masiz ("Masiz") (together, the "Respondents"), seeking to

recover unpaid rent, late fees, and other charges incurred in connection with a commercial lease executed by and between the Landlord and Biochemics, Inc. for premises located at 300 Rosewood Drive, Units 103 and 45, Danvers, Massachusetts (the "Lease"). The obligations under the Lease were, upon information and belief, guaranteed by Mr. Masiz. Contemporaneously with the filing of the complaint, the Landlord filed a motion for trustee process attachment of funds held by Eastern Bank on behalf of Biochemics.

4. On or about April 10, 2018, the Respondents filed an Answer and Counterclaim in the Landlord Action.

5. On April 11, 2018, the Essex County Superior Court issued a decision granting the Landlord's motion for a trustee process attachment in the amount of $45,000, finding that "there is a reasonable likelihood that the plaintiffs [the Landlord] will recover judgment in this case, including interest and costs, in an amount equal to or greater than the amount of the trustee process." A copy of the court's decision is attached hereto as Exhibit A.

6. According to filings made by the Landlord in the Landlord Action, the trustee process attachment resulted in an attachment in the amount of $4,145.03 of funds belonging to Biochemics held by Eastern Bank.

7. The Landlord has asserted that its total damages exceed $133,780.68, including anticipated rent costs, expenses and legal fees.

8. The Landlord, the Receiver and Masiz have agreed to settle the Landlord Action pursuant to the terms of the Settlement Agreement attached hereto as Exhibit B. The material terms of the Settlement Agreement provide that in exchange for total payment to the Landlord of $40,000 ("Settlement Amount"), the Landlord will dismiss the Landlord Action and release any and all claims against the Respondents.

9. On October 18, 2018, the Receiver, Masiz and BioPhysics Pharma, Inc. ("BioPhysics") entered into a separate agreement, a copy of which is attached hereto as Exhibit

9552294v1

C, which provides that the funds necessary for the Settlement Amount will be fully paid by BioPhysics (the "BioPhysics Agreement"). The BioPhysics Agreement further provides that Biochemics shall have no liability to reimburse BioPhysics, and that the funds held by Eastern Bank subject to the trustee process attachment shall remain and be deemed property of Biochemics.

10. The Receiver believes that the settlement of the Landlord Action under the terms of the Settlement Agreement is in the best interests of creditors. Based on the Trustee's review of the case he agrees with the Superior Court that there is at least a reasonable likelihood that the counterclaim will not be successful and that the Landlord will obtain a judgment against Biochemics. The Settlement Agreement avoids the risk of a judgment against Biochemics and prevents the need for further attorneys' fees and costs to defend the Landlord Action.

11. Furthermore, in view of the fact that BioPhysics has agreed to pay the entire Settlement Amount with no obligation of reimbursement from Biochemics, and that Biochemics will retain the funds held by Eastern Bank, the settlement provides Biochemics with the additional benefit of a release of liablity in the Landlord Action and makes available the funds held by Eastern Bank. Accordingly, the Receiver requests that the Court approve the Settlement Agreement and the BioPhysics Agreement.

12. The Receiver submits that the relief sought herein requires no certification pursuant to L.R. 7.1(a)(2).

WHEREFORE, the Receiver requests that this Court enter an Order authorizing the approval of the Settlement Agreement, and such other and further relief as may be just and proper.

Respectfully submitted,

MARK G. DEGIACOMO, RECEIVER OF BIOCHEMICS, INC.

/s/ Taruna Garg
Mark G. DeGiacomo, Esq. BBO #118170
Taruna Garg, Esq. BBO #654665
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com
tgarg@murthalaw.com

Dated: December 10, 2018

## CERTIFICATE OF SERVICE

     I, Mark G. DeGiacomo, hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via first class mail to non-registered participants on October __, 2018.

__/s/ Mark G. DeGiacomo____  
Mark G. DeGiacomo
