UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| Plaintiff | ) ) | Civil Action No. 12-12324-MLW |
| v. | ) ) | |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S KRONING, | ) ) ) ) | |
| Defendants | ) ) | |

**STATEMENT OF CHAPTER 7 TRUSTEE OF INPELLIS, INC. REGARDING
RELIEF FROM STAY REQUESTED BY ADEC PRIVATE EQUITY INVESTMENTS, LLC**

John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Inpellis, Inc. (the "Inpellis" or Debtor"), hereby submits this statement regarding the *Motion For Relief From Stay Of Litigation* (the "Stay Relief Motion") filed herein on behalf of ADEC Private Equity Investments, LLC ("ADEC"), and respectfully states as follows:

1. Inpellis was formed in or about March 2012 under Delaware law as a wholly-owned subsidiary of the defendant Biochemics, Inc. ("Biochemics"). In or about January 2015, Biochemics transferred all of its shares in Inpellis to the Shareholder Resolution Trust, a settlement trust purportedly established to resolve controversies among Biochemics shareholders relating to certain actions of Biochemics.

2. On July 26, 2018, ADEC and certain affiliated entities and persons filed an involuntary Chapter 7 bankruptcy petition against Inpellis in the U.S. Bankruptcy Court for the District of Massachusetts (Case No. 18-12844-JNF). An order for relief under Chapter 7 of the Bankruptcy Code was entered on November 1, 2018. On November 5, 2018, the Trustee was

appointed as the Chapter 7 trustee of the Inpellis bankruptcy estate and he continues to serve in such capacity.

3. In the Stay Relief Motion, ADEC suggests that the litigation it seeks to pursue against certain individuals and entities does not violate the litigation stay contained in the Order Appointing Receiver. To the extent that this Court determines otherwise, ADEC alternatively requests relief from the stay to allow it to pursue "individual claims" against what ADEC considers to be "non-receivership parties and assets".

4. The Trustee has previously advised ADEC that he believes that certain of the claims referenced in the Stay Relief Motion (and further described in Exhibit A thereto) likely constituted assets of the Inpellis Chapter 7 bankruptcy estate and, thus, would be subject to the automatic stay currently in force in the Inpellis bankruptcy case. For example, ADEC makes numerous references to claims relating to "conversion", "converting ADEC's investment in Inpellis", and "breach of fiduciary duty"[1]. The Trustee believes that in many instances, the "conversion" of assets referenced in the Stay Relief Motion and in Exhibit A relate to assets formerly belonging to Inpellis, and any rights to recovery constitute assets of the bankruptcy estate. Moreover, the Trustee firmly believes that the "breaches of fiduciary duty" alleged in the Stay Relief Motion and Exhibit A are claims belonging exclusively to the Inpellis bankruptcy estate.

5. In response to the Trustee's concerns, ADEC appears to have acknowledged in communications to the Trustee that any claims for conversion of proceeds of ADEC's investment in Inpellis are property of the bankruptcy estate. ADEC has also acknowledged that the Trustee

---

[1] *See, e.g.*, introductory paragraph of Motion together with numbered paragraphs 11, 19, and 28 thereof; Exhibit A, pages 2, 3, 3,11, and 29.

has the "sole right to pursue fiduciaries and former fiduciaries of [Inpellis] for breaches of their fiduciary duties of care, good faith and loyalty owed to Inpellis".  Notwithstanding such acknowledgment, ADEC maintains its belief that it possesses direct claims against individuals for breaches of fiduciary duties arising in connection with the issuance of the Original Issue Discount Convertible Note (the "Note").  The Note was issued by Inpellis and was executed by persons acting on behalf of Inpellis.  The Trustee does not agree with ADEC's conclusion that the terms of the Note gave rise to a direct and distinct fiduciary obligation owed to ADEC, but rather believes that any such breach of fiduciary duty claims are derivative claims which are the exclusive property of the bankruptcy estate.

6.   Independent of any determination that the actions and proposed litigation by ADEC violate the stay issued by this honorable Court, the Trustee believes that many of the potential claims referenced in the Stay Relief Motion constitute property of the Inpellis bankruptcy estate and, as such, certain of the actions proposed by ADEC are stayed by operation of law in the bankruptcy proceeding.

>                                   JOHN J. AQUINO
>                                   CHAPTER 7 TRUSTEE
>
>                                   By his counsel,
>
>                                   /s/ Donald F. Farrell, Jr.
>                                   Donald F. Farrell, Jr. (BBO 159580)
>                                   ANDERSON AQUINO LLP
>                                   240 Lewis Wharf
>                                   Boston, MA  02110
>                                   617-723-3600
>                                   dff@andersonaquino.com

Dated: January 30, 2019.

**CERTIFICATE OF SERVICE**

    I, Donald F. Farrell, Jr., do hereby certify that on this 30th day of January, 2019, a copy of the *Statement Of Chapter 7 Trustee Of Inpellis, Inc. Regarding Relief From Stay Requested By ADEC Private Equity Investments, LLC* was served electronically to the registered participants as identified on the Notice of Electronic Filing through the CM/ECF filing system.

                                          /s/ Donald F. Farrell, Jr.
                                          Donald F. Farrell, Jr.  (BBO 159580)