UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>     Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>     Defendants. | CIVIL ACTION NO. 12-12324-MLW |

### RECEIVER'S OBJECTION TO
### MOTION FOR RELIEF FROM STAY OF LITIGATION FILED BY
### ADEC PRIVATE EQUITY INVESTMENTS LLC

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver"), hereby submits this objection to the Motion for Relief from Stay of Litigation (the "Motion") filed by non-party ADEC Private Equity Investments LLC ("ADEC"). The Receiver respectfully submits that ADEC's motion should be denied without prejudice to being renewed at a later date because (i) allowing ADEC to proceed with the litigation of its claims against the Proposed Defendants (as defined by the ADEC Motion) is likely to adversely interfere with the Receiver's liquidation efforts in this case, and (ii) certain of the claims sought to be asserted by ADEC may constitute claims the Receiver may also choose to pursue, and thus potentially interfere with the Receiver's rights and recoveries against the Proposed Defendants on such claims. The Receiver thus proposes the Motion be denied without prejudice subject to renewal by ADEC at a later date after the Receiver's liquidation of Biochemics assets.

In support of this Motion, the Receiver respectfully states:

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust (the "Trust").

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's motion and appointing the Receiver (the "Receiver Order").

3. Section VII of the Receiver Order imposed a "Stay of Litigation," which provided, in relevant part:

> the following proceedings—<u>excluding</u> the instant proceeding, all police or regulatory actions, and actions of the [SEC] related to the above-captioned enforcement action—are stayed until further Order of this Court: All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) BioChemics or the Trust, including subsidiaries and partnerships other than Inpellis; or, (d) any of the past or present officers, directors, managers, agents, or general or limited partners of BioChemics or the Trust sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

4. The ADEC motion seeks relief from stay to assert claims against parties covered by the stay, excluding Biochemics.[1] ADEC argues that its claims include fraud, conversion, breach of fiduciary duty, negligent misrepresentation, tortious interference with contractual and advantageous relations, civil conspiracy, violation of the securities laws, and unfair and deceptive business practices in violation of G.L. c. 93A, § 11.

5. Following the Receiver's appointment, agents of Biochemics including several of the named Proposed Defendants have fully cooperated with the Receiver in carrying out his

---

[1] ADEC served its demand letter pursuant to MGL c. 93A (attached to the ADEC Motion as Exhibit A) upon Biochemics and the Proposed Defendants. After the Receiver advised ADEC of the stay imposed in the Receiver Order, ADEC has confirmed that it is not pursuing claims against Biochemics.

duties under the Receiver Order, including marshalling of Biochemics' assets, responding to inquiries regarding the intellectual property and covering the Receiver's costs of maintaining Biochemics' intellectual property assets.

6. The Trustee respectfully submits that permitting ADEC to prosecute its claims against the Proposed Defendants is likely to adversely interfere with his efforts to liquidate the assets of Biochemics. As described by the Trustee in the Liquidation Plan filed on January 7, 2019 (Dkt. No. 484), the Receiver and the Chapter 7 Trustee of Inpellis are working together to facilitate a sale of the assets owned by both entities, which they believe would maximize the value for both estates. In connection with those efforts, the Receiver and the Trustee have received a substantial bid from BioPhysics Pharma Inc. (one of the Proposed Defendants sought to be sued by ADEC) to purchase the assets of both estates. Although the terms of that bid remain confidential at this time, once negotiations between the parties are complete, the Receiver anticipates that the bid will be filed with the Court and notice will be provided to interested purchasers to submit counterbids. The Receiver believes that if ADEC is permitted to proceed with the litigation of its claims, it may jeopardize the existing bid and chill counteroffers from other purchasers.

7. Moreover, at least some of the claims ADEC seeks to assert may later be pursued by the Receiver, and thus may interfere with the Receiver's claims against such individuals and/or entities. For example, the Receiver is presently investigating whether certain assets owned by BioPhysics Pharma, Inc. may constitute property of Biochemics. To the extent the Receiver concludes that such claims should be pursued, he may be hampered by litigation brought by ADEC that pursue those same claims. The Receiver has been involved in this case for less than four months, and should thus have the breathing room to liquidate Biochemics'

assets and analyze potential claims against other parties without fear of the potentially preclusive effect of ADEC's litigation against those parties.

8. Finally, ADEC's motion provides no explanation for why relief from the stay is necessary at this time. Given that ADEC is unlikely to suffer any harm from the denial of its motion without prejudice to allow time for the Receivership Assets to be liquidated and for the Receiver to review potential claims he may assert, the Court should deny the Motion.

9. The Receiver submits that the relief sought herein requires no certification pursuant to L.R. 7.1(a)(2).

10. A separate certificate of service pursuant to L.R. 5.2(b) will be filed concurrently herewith.

WHEREFORE, the Receiver requests that this Court deny ADEC's Motion for Relief without prejudice to being renewed at a later date, and grant such other and further relief as may be just and proper.

Respectfully submitted,

MARK G. DEGIACOMO, RECEIVER OF BIOCHEMICS, INC.


          /s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Esq. BBO #118170
Taruna Garg, Esq. BBO # 654665
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com

Dated: January 30, 2019        tgarg@murthalaw.com