UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-12324-MLW |
| | ) | |
| BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, | ) | |
| Defendants. | ) | |

## RECEIVER'S FIRST QUARTERLY STATUS REPORT
## FOR QUARTER ENDING DECEMBER 31, 2018

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending December 31, 2018.

## RELEVANT BACKGROUND

1.      On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2.      On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3.      The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 5. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1

4.      The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report").  Receiver Order ¶ 48.  The Receiver Order further identifies specific categories of information the Receiver shall provide.  Each of those categories is set forth below.

5.      This Quarterly Status Report covers the period from October 9, 2018 to December 31, 2018 (the "Reporting Period").

**A.  Summary of Receiver's Operations**

6.      As described in the Liquidation Plan filed by the Receiver on January 7, 2019 (Dkt. No. 484), since his appointment, the Receiver has focused on determining the best strategy to liquidate the intellectual property owned by Biochemics, its primary asset, in a way that would produce the maximum value to the Receivership Estate within a reasonable timeframe. The Receiver's efforts have included (i) many meetings and telephone calls with Attorneys Jan Schlichtmann, Dan Glosband and Jeffrey Sternklar concerning their past and present efforts on behalf of John Masiz and his family (the "Masiz Group") to purchase the Biochemics IP, (ii) the review of a substantial documentation provided to the Receiver by the Gordian Group, an investment banking firm previously engaged by Biochemics for the potential investment or sale of some or all of the Biochemics IP, and (iii) several telephone conversations with representatives of Gordian Group concerning their prior sales efforts.  The Receiver also spoke and/or met with the SEC, Ross Burke of ADEC Investors (the primary creditor or in the Inpellis bankruptcy case) and several other creditors.

7.      The Receiver has also met with and had numerous discussions with the Chapter 7 Trustee of Inpellis, Inc. (the "Trustee"), an entity to whom Biochemics conveyed certain

patents involving the transdermal application of ibuprofen and other pain medications and co-ownership of patents related to the transdermal delivery of drugs using an osmolyte and vasoactive agent (the "Inpellis IP").  The Receiver and the Trustee has explored collaboration of efforts for the liquidation of the Biochemics IP and the Inpellis IP.  The Receiver and the Trustee are in agreement that a coordinated sale of the intellectual property of both estates is in the best interest of both estates, and that the time has come for the employment of an investment banker to market and sell such assets.

8.     The Receiver and the Trustee are negotiating with the Gordian Group concerning the terms of its employment.

9.     The Receiver and the Trustee agree that they ultimately will have to negotiate how the proceeds of the combined Intellectual Property should be divided between the two estates.  At this time, however, they agree that their efforts are best focused upon the liquidation of the Intellectual Property to generate proceeds to pay creditors.

10.    The Receiver has ensured the payment of all fees and expenses necessary to maintain and preserve the Biochemics IP to same extent as they were as of the date of the entry of the Receiver Order.

**B.  Cash On Hand / Administrative Expenses**

11.    The Receiver presently has cash on hand in the amount of $441,305.23 (the "Funds").  The amount turned over to the Receiver from the District Court Registry.  No interest has been earned on the Funds and no amounts have been disbursed.  The Funds are unencumbered.  To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained

Professionals, as described in the following paragraph.  The Receiver has not received funds from any other source.

12.     *Administrative Expenses*:  During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP.  These amounts are subject to the hold back guidelines established in the Receiver Order.  *See* Receiver Order ¶ 59. Pursuant to the Requirements under the Receiver Order, the Receiver and his attorneys have submitted their first quarterly fee application to the SEC for review.  The Receiver anticipates that the fee application will be filed with the Court on or before February 14, 2019.   No fees will be paid without Court approval.

13.     Pursuant to the authority granted by this Court on October 25, 2018, the Receiver has also employed Verdolino & Lowey ("V&L") as his accountants.

14.     V&L has done little or no work as of the date of this Application.

15.     *Expenses for Maintenance of Biochemics IP*:  On December 7, 2018, the Receiver filed motions seeking to employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics IP.  The Receiver's Motions provided that the fees incurred by the IP Firms would be paid by BioPhysics Pharma, Inc. ("BPI") up to a limit of $100,000, pursuant to an agreement between BPI and the Receiver.  Although the Court has not yet acted on those Motions, BPI has continued to pay the fees and expenses associated with maintaining the Biochemics IP during the Reporting Period.

**C.  Receipts and Disbursements**

16.     As set forth herein, the Funds are the only monies received to date in this Receivership.  The Receiver has made no disbursements of the Funds.

**D.  Description of Known Receivership Assets Including Approximate or Actual Valuations**

17.     The Receiver is not aware of other Biochemics assets having meaningful value other than the Biochemics IP.  At this time, the Receiver is unable to provide an actual or approximate valuation of the Biochemics IP.  The Receiver believes that the value of such IP will be determined through a sale procedure to be approved by this Court.

**E.  Description of Liquidated and Unliquidated Claims Held by Receivership**

18.     The Receiver is currently investigating what (if any) claims he holds against third parties.

**F.  List of Series E Investors with Amounts of Investment and Other Known Creditors**

19.     The List of Series E Investors and Creditors provided to the Receiver by Biochemics is set forth in attached Exhibit A.

**G.  Status of Proceedings Relating to Investors' Or Creditors' Claims**

20.     The claims filing and review procedure has not begun.  It is anticipated that the claims filing and review procedure will start once the Biochemics IP is sold at which point it will be clear if any dividend will be available to general unsecured creditors.

**H.  Receiver's Recommendations for Continuation of  Receivership**

21.     The Receiver recommends that the Receivership be continued to: allow the liquidation of the Biochemics IP; enable the Receiver to administer any other assets; and enable the Receiver to make a distribution to creditors.

Respectfully submitted,


/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Chapter 7 Receiver
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 451-4000 Telephone
(617) 482-3868 Facsimile

Dated: January 30, 2019

9759838v1