UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br>v.<br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>      Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**RECEIVER'S RESPONSE TO**
**EXPEDITED MOTION OF ADEC PRIVATE EQUITY INVESTMENTS LLC FOR**
**CLARIFICATION CONCERNING SCOPE OF RECEIVERSHIP ORDER**

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver"), hereby submits this response to the Expedited Motion for Clarification Concerning Scope of Receivership Order (the "Motion") filed by non-party ADEC Private Equity Investments LLC ("ADEC") [ECF No. 507].  The Receiver respectfully submits that the Receivership Order entered by the Court in this case should be broadly construed to stay pre-litigation discovery sought by ADEC in the Inpellis bankruptcy case against parties who are clearly within the scope of the Receivership Order.  As noted by the Receiver in his Objection to ADEC's motion for relief from stay [ECF No. 496], allowing ADEC to proceed with pre-litigation discovery in the Inpellis bankruptcy is likely to adversely interfere with the Receiver's liquidation efforts in this case and may jeopardize a pending deal being negotiated by the Receiver and the Inpellis Trustee for the sale of Receivership Assets. The Receiver thus proposes that the Court rule that the scope of the Receivership Order includes any pre-litigation discovery (and other actions or proceedings) that may be sought by ADEC in the Inpellis bankruptcy against parties protected by the Receivership Order, without prejudice to

1

ADEC's renewal of a request to conduct such discovery at a later date after the Receiver's liquidation of Biochemics assets.

In support of this Motion, the Receiver respectfully states:

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust (the "Trust").

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's motion and appointing the Receiver (the "Receivership Order").

3. Section VII of the Receivership Order imposed a "Stay of Litigation," which provided, in relevant part:

> the following proceedings—<u>excluding</u> the instant proceeding, all police or regulatory actions, and actions of the [SEC] related to the above-captioned enforcement action—are stayed until further Order of this Court: All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) BioChemics or the Trust, including subsidiaries and partnerships other than Inpellis; or, (d) any of the past or present officers, directors, managers, agents, or general or limited partners of BioChemics or the Trust sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

4. ADEC filed a motion seeking relief from the Stay of Litigation to assert claims against parties covered by the stay, excluding Biochemics [ECF No. 480].[1] The Receiver, along with numerous other parties including the SEC, opposed ADEC's motion for relief, which motion remains pending before the Court. The Inpellis Trustee filed a response to ADEC's

---

[1] ADEC served its demand letter pursuant to MGL c. 93A (attached to the ADEC Motion as Exhibit A) upon Biochemics and the Proposed Defendants. After the Receiver advised ADEC of the stay imposed in the Receiver Order, ADEC has confirmed that it is not pursuing claims against Biochemics.

motion for relief noting that many of the potential claims sought to be pursued by ADEC may constitute property of the Inpellis bankruptcy estate.

5. While simultaneously seeking relief from this Court to press its claims against parties covered by the stay, ADEC filed motions in the Inpellis bankruptcy seeking pre-litigation discovery under Bankruptcy Rule 2004 from parties protected by the stay.

6. Although the scope of the Receiver Order does not appear to specifically address the pre-litigation discovery presently sought by ADEC, the Receiver submits that such discovery should be construed to be within the broad scope of the stay in the Receiver Order which applies to "*all civil proceedings of any nature*" or "*other actions of any nature*."[2] The Rule 2004 examinations sought by ADEC appear to relate to the same conduct and claims alleged by ADEC in its motion for relief from stay. Indeed, given the broad scope of Rule 2004 examinations in general (as ADEC itself notes in its motion), permitting ADEC to proceed with the Rule 2004 examinations may constitute an end-run around the stay in the Receivership Order.

7. Most importantly, the Receiver believes that allowing ADEC to proceed with the Rule 2004 examinations may significantly and adversely interfere with his efforts in liquidating the Receivership Assets. The Receiver and the Inpellis Trustee are currently negotiating an asset purchase agreement with BioPhysics Pharma Inc., an entity in which the persons sought to be examined by ADEC are directly involved, to submit a stalking horse bid for the purchase of Biochemics assets. ADEC's Rule 2004 examinations would ensnare key parties involved in those negotiations, and may jeopardize that deal from proceeding altogether.

---

[2] ADEC appears to assert that the mention of Inpellis in the stay provision of the Receivership Order excludes "on its face" the Inpellis bankruptcy proceeding from the scope of the stay. However, Inpellis was excluded from the stay provision *at ADEC's request* merely to allow ADEC to continue its involuntary bankruptcy proceeding against Inpellis, not a means by which to enable ADEC or other creditors to circumvent the effect of the Receivership Order upon parties protected by the stay.

3

8. As the Receiver has previously requested, the Court should stay efforts by ADEC to prosecute its claims and/or conduct discovery on a temporary basis without prejudice to its renewal of such motions after the Receiver has completed the liquidation of the Receivership Assets.

9. The Receiver submits that the relief sought herein requires no certification pursuant to L.R. 7.1(a)(2).

10. A separate certificate of service pursuant to L.R. 5.2(b) will be filed concurrently herewith.

WHEREFORE, the Receiver requests that this Court construe the Receivership Order as staying any other actions or proceedings including Rule 2004 examinations sought by ADEC in the Inpellis bankruptcy action against parties protected by the Receivership Order, and grant such other and further relief as may be just and proper.

Respectfully submitted,

MARK G. DEGIACOMO, RECEIVER OF BIOCHEMICS, INC.

/s/ Taruna Garg
Mark G. DeGiacomo, Esq. BBO #118170
Taruna Garg, Esq. BBO # 654665
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com
tgarg@murthalaw.com

Dated: February 28, 2019

9828287v1