UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, AND GREGORY S. KRONING,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 12-12324-MLW<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                             March 5, 2019

The court has considered the submissions concerning ADEC Private Equity Investments, LLC's ("ADEC") Expedited Motion for Clarification Concerning Scope of Receivership Order (the "Motion") and finds the Motion meritorious.

The Motion seeks expedited clarification concerning whether the October 9, 2018 Order staying certain litigation in connection with the appointment of a Receiver for BioChemics, Inc. (the "Order") prohibits examination, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, of Jan Schlichtmann, Esq. and Pearl Zhu, Ph.D in the bankruptcy proceedings concerning Inpellis, Inc. ("Inpellis"), In re Inpellis, 18-12844 (Bankr. D. Mass.). It does not.

The Order stays certain "civil legal proceedings." Docket No. 452, ¶26. A bankruptcy proceeding against Inpellis had been initiated by ADEC prior to the issuance of the Order on October 9,

2018. At a hearing preceding issuance of the Order, ADEC requested that the form of the order drafted by the Securities and Exchange Commission be revised to expressly except from the stay proceedings concerning Inpellis to "take out any limitation on what [Bankruptcy] Judge Feeney might do." Oct. 9, 2018 Tr. at 28 (Docket No. 454). The court agreed and hand-wrote that exception in the Order. See id. at 35-36.

The court does not understand a Rule 2004 examination to be a "civil legal proceeding" as it used this term in the Order, but rather as an opportunity for discovery in the Inpellis bankruptcy proceeding, which it did not order be stayed. In any event, the court did not, in paragraphs 26(b) or (d) of the Order or otherwise, intend to limit the Bankruptcy Judge's authority to authorize Rule 2004 examinations of Mr. Schlichtmann or Dr. Zhu.

In view of the foregoing, the Motion by Defendant Masiz for an Order for ADEC to Show Cause Why it Should Not Be Held to Have Knowingly Violated the Court's 10-9-18 Order and Why Sanctions Should Not Be Imposed is not meritorious. However, ADEC's request for attorneys' fees and costs under the Massachusetts Anti-SLAPP statute, Mass. Gen. Laws ch. 231, §59H, may be meritorious. Therefore, Mr. Masiz is being ordered to respond to this request.

Accordingly, it is hereby ORDERED that:

1. ADEC's Expedited Motion for Clarification Concerning Scope of Receivership (Docket No. 507) is ALLOWED.

2. Mr. Masiz's motion requesting sanctions be imposed on ADEC (Docket No. 506) is DENIED.

3. (a) ADEC shall, by March 12, 2019, file an affidavit in support of its request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H.

(b) Counsel for ADEC and Mr. Masiz shall confer and, by March 19, 2019, report whether they have reached an agreement to resolve this issue.

(c) If necessary, Mr. Masiz shall, by March 26, 2019, respond to ADEC's request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H.

(d) If necessary, ADEC shall, by April 2, 2019, file any reply.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE