UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 12-12324-MLW |
| v. | ) ) | |
| BIOCHEMICS, INC., ET AL., | ) ) ) | **Leave to file granted March 5, 2019 (Dkt. 520)** |
| Defendants. | ) ) ) | |

**CONSOLIDATED REPLY TO
RESPONSES TO EXPEDITED MOTION FOR CLARIFICATION
CONCERNING SCOPE OF RECEIVERSHIP ORDER BY ADEC**

ADEC Private Equity Investments, LLC ("ADEC") submits this consolidated reply to the responses and objections to ADEC's Expedited Motion for Clarification Concerning Scope of Receivership Order (Dkt. 507) filed by the Receiver (Dkt. 511), the Securities and Exchange Commission (Dkt. 513), Inpellis, Inc. ("Inpellis") (Dkt. 514), and John Masiz and Non-Party Respondents ("Respondents") (Dkt. 515).

ADEC briefly replies to the relevant points in the responses and objections:

1.       In its Objection, while arguing that it is "irrelevant," Inpellis concedes that "[n]o one contends that ADEC's Rule 2004 Motion is an Ancillary Proceeding stayed by operation of paragraph 26(c)" of the Receivership Order," Inpellis Opposition (Dkt. 514) at ¶ 7, excepting "proceedings … [or] … actions of any nature *involving*" (not "against") Inpellis from the scope of the litigation stay.  (emphasis added).  Both the SEC and Receiver gloss over this language of the Order.[1]  In fact, the Receiver, in its Response, concedes in a footnote that "Inpellis was

_____

[1] For the reasons described in the Responses concerning efforts to liquidate the Receivership Assets, the Receiver, the SEC and Mr. Masiz are all economically adverse to the

excluded from the stay provision *at ADEC's request* merely to allow ADEC to continue its involuntary bankruptcy proceeding against Inpellis..." (emphasis in original). This is exactly the case. ADEC requested the Inpellis "exclusion" – language that the Court adopted – precisely so that the Inpellis chapter 7 case might proceed. That proceeding includes, as a routine matter, *inter alia*, Rule 2004 examinations. *See* ADEC's Expedited Motion at ¶ 4 (describing scope and routine nature of examinations under Rule 2004 of the Federal Rules of Bankruptcy Procedure).

2.      Inpellis and Respondents argue that Rule 2004 examinations are somehow stayed by operation of subparagraphs 26(b) (involving the Receivership Assets[2]) or 26(d) (involving management of BioChemics or the Trust) of the Order. That is not also correct. Rule 2004 examinations, routine parts of any chapter 7 case, are not "actions" involving this Receivership, BioChemics or the Trust. And the suggestion that they are contradicts the express carve-out in subparagraph 26(c).

3.      The tortured argument that ADEC pursues a "contested matter" that is barred by paragraph 26 (an argument never briefed or made to Judge Feeney) is also incorrect and misunderstands Bankruptcy Rules 2004 and 9014. The only "contested matter" that exists -- which is in no way an "action" under the Rule -- is whether the bankruptcy court will permit a creditor, in this case ADEC, to examine witnesses with knowledge concerning potential estate assets. The examinations themselves, should the Bankruptcy Court allow the motion and authorize them, are not contested matters.

---

Inpellis estate, and thus to ADEC's efforts to learn information that may assist the Inpellis trustee in recovering value.

[2] Whether or not something is an "asset" of the Inpellis estate is within the core jurisdiction of the Bankruptcy Court – not the BioChemics Receivership. Indeed, Inpellis offers no authority to the contrary other than its own say-so.

4.      The objectors do not respond (because they cannot respond) to a basic point: their construction of this Court's order would utterly usurp all authority or jurisdiction from the Bankruptcy Court as to a corporation, Inpellis, that is not a party to this receivership proceeding, whose creditors are not parties to or protected in this proceeding in any way, shape or form, and as to whom the Receiver is vigorously *adverse* in this proceeding.  Under the objectors' construction, the chapter 7 trustee *himself* would be powerless to gather information necessary to carry out his fiduciary duties.  The Court's order plainly was intended to leave it to Judge Feeney to supervise the Inpellis case, to leave the BioChemics case here, and to impose no limits on the Inpellis case other than one: if the chapter 7 trustee, or Inpellis creditors sought to pursue *lawsuits* against BioChemics or the other identified parties, they would first have to seek leave of this Court.

5.      ADEC's proposed examinations under Rule 2004 are also not, as Respondents argue, "regarding ADEC's 'claims' as asserted in its 12-17-18 'Demand Letter,'" Respondents' Opposition (Dkt. 515) at 3, but rather to discover – for the benefit of the Inpellis estate -- facts concerning transfers and conversion of Inpellis' assets and intellectual property by and to insiders and related parties.  Given the assertions of a potential insider deal, the need for facts establishing the Inpellis estate's interest in these assets is all the more urgent.

6.      Contrary to Inpellis' position in footnote 2 of its Objection, Inpellis did not, prior to the February 19 hearing, argue that examinations under Rule 2004 fell within the reach of the District Court's stay as it relates to actions or proceedings of any nature involving the Receivership Assets (subparagraph 26(b)) or involving management of BioChemics or the Trust (subparagraph 26(d)).  Rather, as ADEC stated in its Motion, Inpellis' objection as it relates to the Receivership Order has principally been that the proposed Rule 2004 examinations are a

disguised effort to pursue private litigation – an argument which does not preclude Rule 2004 practice.  *See* ADEC's Motion (Dkt. 507) at ¶¶ 7, 8.

7.       The Rule 2004 discovery would also not impair either the Receiver or the chapter 7 trustee from seeking to arrange a sale for the assets.  Nor would the discovery chill any legitimate bidder from participating.  (Judge Feeney granted a brief continuance on ADEC's Motion until March 12, 2019 in order to allow, *inter alia*, sufficient time for the Receiver and Inpellis Trustee to finalize an asset purchase agreement. 2/19/2019 Tr. at 51:6-16).  Indeed, Mr. Aquino stated at the February 19 hearing that he was "not [there] to object to the 2004" but rather to request a continuance of the hearing "in order to see if we could finalize [an asset purchase agreement]."  2/19/2019 Tr. at 41:1-10.  A representative for the Receiver (without taking a position on ADEC's Rule 2004 Motion) echoed Mr. Aquino's request.  *Id*. at 42:17-43:4.

8.       Finally, ADEC is not seeking – by *this* motion[3] -- to "modify" the Receivership Order as argued by Inpellis and Respondents (Dkts. 514, 515).  Here, it seeks only the very clarification that the objectors requested when they were before Judge Feeney.

WHEREFORE, ADEC repeats the request made in its Motion (Dkt. 507) that the Court clarify the Receivership Order by issuing a supplemental order stating that (a) the Receivership Order does not stay the Inpellis chapter 7 case, nor any proceedings within the Inpellis chapter 7 case, including, without limitation, the right of the Inpellis trustee to administer the case and the right of any party in interest to seek relief from the Bankruptcy Court, (b) without limitation of the foregoing, no party is stayed by the Receivership Order from seeking information under Fed. R.

---

[3] ADEC has separately briefed a true request for modification, with regard to its motion for leave to pursue various private causes of action. *See* Dkt. No. 480.

Bankr. P. 2004 from any source authorized by the Bankruptcy Court, (c) the only effect of the Receivership Order (Dkt. 452) upon the Inpellis Chapter 7 case is that (subject to modification on motion to this Court) the Receivership Order stays the Inpellis bankruptcy trustee and parties in interest from commencing adversary proceedings or lawsuits against the persons identified in paragraph 26 thereof, and (d) without limitation of the foregoing, the Receivership Order does not stay or preclude ADEC's examinations of Jan R. Schlichtmann, Esq. or Pearl Zhu, Ph.D. pursuant to Rule 2004.

Dated: March 6, 2019

**ADEC PRIVATE EQUITY INVESTMENTS, LLC,**

By its attorneys,

*/s/  Elizabeth M. Bresnahan*

Sabin Willett, BBO # 542519
sabin.willett@morganlewis.com
Elizabeth M. Bresnahan, BBO #672577
elizabeth.bresnahan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
+1.617.341.7700

Howard M. Cooper (BBO #543842)
hcooper@toddweld.com
Joseph M. Cacace (BBO #672298)
jcacace@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02109
(617) 720-2626

## CERTIFICATE OF SERVICE

I, Elizabeth M. Bresnahan, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 6, 2019.

/s/   *Elizabeth M. Bresnahan*
Elizabeth M. Bresnahan