UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 12-12324-MLW |
| ) | |
| BIOCHEMICS, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE BY DEFENDANT JOHN MASIZ**
**PURSUANT TO COURT'S 3-5-19 ORDER (Doc. #517)**

Pursuant to the Court's 3-5-19 Order, paragraph 3 (Doc. #517),[1] Defendant John Masiz

"respond[s] to ADEC's request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch.

231, §59H" as follows:

---

[1] "It is hereby ORDERED that: …

    3.    (a) ADEC shall, by March 12, 2019, file an affidavit in support of its request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H.

    (b) Counsel for ADEC and Mr. Masiz shall confer and, by March 19, 2019, report whether they have reached an agreement to resolve this issue.

    (c) If necessary, Mr. Masiz shall, by March 26, 2019, respond to ADEC's request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H.

    (d) If necessary, ADEC shall, by April 2, 2019, file any reply."

3-5-19 Order (Doc. #517) paragraph 3.

## I.     THE ANTI-SLAPP STATUTE HAS NO APPLICATION TO THIS MATTER

**Issue:** Can attorneys fees and costs be awarded under the Massachusetts Anti-SLAPP statute, Mass. Gen. Laws ch. 231, §59H, against a party for denial of its motion for a show cause order regarding whether there was conduct by another that constituted a knowing violation of the court's order staying "certain civil legal proceedings" where:

- There was no "civil claim[], counterclaims, or cross claim[]" before the court that was filed by the party against the other that was the subject of an Anti-SLAPP "special motion to dismiss" by the other that the court heard and determined; and,

- The conduct by the other sought to be addressed by the show cause motion was the other's private *assertion of "claims" in a "Demand Letter"* that was purported to be in violation of the court's stay order that the other subsequently used to support the other's motions before the court to lift the stay and justify a request, in another court, for FRBP Rule 2004 examinations regarding the "Demand Letter" "claims".

**Response:**  The Massachusetts Anti-SLAPP statute cannot be used to justify an award of attorneys fees and costs against a party because the court denied the party's motion for a show cause order regarding another's purported violation of the court's stay order where there was no procedural context in which the Anti-SLAPP statute was or could have been invoked and no conformance with the statute's procedural requirements.  Attempting to remedy conduct purported to be in violation of a court order through a show cause motion, is not by definition, strategic litigation against public policy.  It is not the assertion of a "claim [that is] solely based on [a] special movant's petitioning activities".  *477 Harrison Ave. LLC v. Jace Boston LLC*, 477 Mass. 162, 168 (2017); *Duracraft Corp. v. Holmes Products Corp.*, 427 Mass. 156, 167-168 (1998).

## II.   RELEVANT PROCEDURAL FACTS

### A.  Show Cause Motion Was Based On ADEC's "Demand Letter" "Claims"

The Show Cause Motion by Masiz (Doc. #506) was based on ADEC's purported violation of the Court's 10-9-18 Receiver Order staying certain actions against a certain group of people who were commanded to cooperate with the Receiver, and the violation of the bankruptcy stay in the Inpellis Bankruptcy case.  The Show Cause Motion was expressly based on ADEC's 12-17-18 "Demand Letter" (Doc. #480-1) which was directed against the protected class of people who were cooperating with the Receiver and ADEC's subsequent use of that purportedly violative conduct to support ADEC's motions before this court to lift the stay and its motion before the Inpellis Bankruptcy court to conduct FRBP Rule 2004 Examinations regarding its "Demand Letter" "claims."  See, 2-8-19 "Motion By Defendant Masiz For An Order To ADEC To Show Cause Why It Should Not Be Held To Have Knowingly Violated The Court's 10-9-18 Order (Doc. #452) And Why Sanctions Should Be Imposed" (Doc. #506) attached at **Exhibit A**.

The Show Cause Motion expressly stated that it was based on ADEC's "Demand Letter" "claims":

> Despite ADEC's full knowledge regarding the Receiver Order's injunction and stay as well as the Inpellis bankruptcy stay it engaged in a concerted assertion of its "claims" against Respondents. ADEC's violative conduct can be summarized as follows:
>
> (1)  Demand Letter" (Doc. #480-1) Asserting Enjoined/Stayed "Claims" …
> (2)  Failed To Withdraw "Demand Letter" & Cease Interference …
> (3)  Filed Motion To Lift Stay Based On "Demand Letter" (Doc. #480) …
> (4)  Moved In *Inpellis* For FRBP Rule 2004 Exams (Inpellis Doc. #63)  …
>
> *The ADEC examination request was expressly based on its assertion of its 12-17-18 "Demand Letter" "claims" (Doc. #480-1)* that Inpellis property was wrongfully damaged or acquired by BioChemics and Respondents acting in their official capacities.

2-8-19 "Motion By Defendant Masiz For An Order To ADEC To Show Cause Why It Should Not Be Held To Have Knowingly Violated The Court's 10-9-18 Order (Doc. #452) And Why

Sanctions Should Be Imposed" (Doc. #506) attached at **Exhibit A** p. 6, 9, 10, 11 (emphasis added).

### B.  No Anti-SLAPP "Special Motion To Dismiss" a "Claim" Was Made Or Granted

No civil action has been filed by Masiz against ADEC and no civil action is before this Court between Masiz who is a party to this case and ADEC who is not a party to this case.  What was before the Court was the motion by Masiz for a show cause order as to whether ADEC knowingly violated the Court's stay order.  Masiz has <u>not</u> brought suit against ADEC asserting a "civil claim[], counterclaim[], or cross claim[]" against ADEC to "chill" ADEC's "petitioning activities" as required by the statute.  See, MGL c. 231 §59H; *477 Harrison Ave. LLC v. Jace Boston LLC*, 477 Mass. 162, 168 (2017).  Masiz was trying to remedy conduct, ie private assertion of "Demand Letter" "claims," in purported violation of a Court order.  See, *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 242 (2008) (private demand letter is not protected petitioning activity – "the anti-SLAPP statute does not, in terms, provide additional protection for such communications").

ADEC has not brought, because it could not bring, a "special motion to dismiss" under the Anti-SLAPP statute to *dismiss* a "*claim*" that has not been filed against it.  In response to the Show Cause motion, ADEC filed an opposition in which ADEC requested the following: "The Court should summarily deny Masiz's motion, dismiss the request for a show cause order, and order Masiz to pay ADEC's attorney's fees and costs under M.G.L. c. 231, § 59H" (Doc. #508).  The Court did not, because it could not, "*dismiss*" the motion, the Court "*denied*" the motion.  The Court ruled "Mr. Masiz's motion requesting sanctions be imposed on ADEC (Docket No. 506) is DENIED" (Doc. #517 par 2).  No expedited hearing has been held under the Anti-SLAPP statute nor has the Court undertaken, because it cannot, a detailed analysis and determination of an Anti-SLAPP "special motion to dismiss", required by the express terms of that statute.

## III.    THERE IS NO BASIS UNDER ANTI-SLAPP STATUTE TO GRANT REQUEST

The express terms of the Anti-SLAPP statute and Massachusetts Supreme Court precedent provide no basis to grant ADEC's request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H.  The express procedural requirements of the statute, including the bringing of a "special motion to dismiss" a "claim" and a hearing and determination of such a motion, have not been followed and could not have been met.  Further, the type of conduct sought to be remedied by the Show Cause Motion, a purported violation of a court order staying certain activities, on its face, is the type of conduct that the SJC has expressly exempted from the reach of the statute.

### A.    Procedural Requirements Of The Anti-SLAPP Statute Have Not Been Met

As detailed in **Section IIB** above, the express procedural terms of the Anti-SLAPP statute have not been met.  The statute requires that there be at the threshold a filed "*claim*" that a party seeks to "*dismiss*" by a "special motion to dismiss" that is *heard* and *determined* in accordance with *certain* specific *standards*.  In this matter, there was no procedural context in which the Anti-SLAPP statute could have been or was, in fact, invoked.  Not surprisingly, none of the requisite procedural standards of the statute were followed by ADEC or employed by the Court.

MGL c. 231 §59H expressly provides as follows:

> In any *case* in which a party asserts that the <u>*civil claims, counterclaims, or cross claims*</u> against said party *are based on said party's exercise of its right of petition* under the constitution of the United States or of the commonwealth, <u>*said party may bring a special motion to dismiss*</u>. The court <u>*shall advance any such special motion*</u> so that it may be <u>*heard and determined*</u> as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party<u>. *In making its determination*</u>, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

MGL c. 231 §59H (emphasis added).

As the record documents: No claim had been filed against ADEC by Masiz.  ADEC did not bring, because there was no procedural context in which it could have brought a "special motion to dismiss" a "claim" under the Anti-SLAPP statute.  Therefore the court did not, as required by the statute, "advance any such special motion so that it may be heard and determined as expeditiously as possible".  In addition, because no such "special motion to dismiss" under MGL c. 231 § 59H was or could have been brought by ADEC, and no such expedited hearing and determination under the statute was held and made, there was no opportunity for the Court to make the required analysis dictated by the terms of the statute as to whether the "*claim*" being litigated should be "*dismissed"* in accordance with the terms of the Anti-SLAPP statute.

**B.      Anti-SLAPP Statute Does Not Apply To Violations Of Existing Obligations**

The SJC has made it clear that: "[t]he anti-SLAPP statute provides a *procedural remedy* for early dismissal of lawsuits brought *primarily to chill the valid exercise of the constitutional rights* of freedom of speech and petition for the redress of grievances".  *477 Harrison Ave. LLC v. Jace Boston LLC*, 477 Mass. 162, 167 (2017) (emphasis added).  Soon after passage of the statute, the SJC developed the standard to apply to determine whether the conduct that is the subject of a "special motion to dismiss" comes within the statute's protection to ensure that the statute is used to protect the exercise of  "petitioning activities" and not used as a litigation tactic to immunize a party against "*claims*" based on the party's wrongful conduct.  See, *Duracraft Corp. v. Holmes Products Corp.*, 427 Mass. 156, 167-168 (1998).  As the *Duracraft* court made clear petitioning activity is not "immune" from "preexisting legal obligations".  In holding that an action based on a purported violation of a non-disclosure agreement was not based solely on petitioning activity and therefore the statute could not be used to dismiss such an action the Court stated that "we are aware of no case that has immunized alleged breaches of such preexisting legal obligations based on constitutional protection for the right to petition."  Id. at 166.

Likewise, the conduct sought to be remedied by the Show Cause motion, the assertion of private deman letter claims that were purported to be in violation of the Court's stay order, constituted a pre-existing legal obligation requiring ADEC to refrain from asserting such "claims" against Masiz and the other Respondents without first obtaining relief from the Court. Under such circumstances, assuming that there was a procedural context in which ADEC could have brought a "special motion to dismiss" under the statute, ADEC could not have made the required initial showing that the "claims against it [were] based on [its] petitioning activities alone and ha[d] no substantial basis other than or in addition to the petitioning activities". *477 Harrison Ave. LLC v. Jace Boston LLC*, 477 Mass. 162, 168 (2017); See also, *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 242 (2008) (private demand letter is not protected petitioning activity).

## IV.    CONCLUSION

For these reasons, there is no basis to grant "ADEC's request for attorneys' fees and costs pursuant to Mass. Gen. Laws ch. 231, §59H".


Dated:  March 26, 2019

Respectfully Submitted by his attorney,


 */s/ Jan Schlichtmann*
Jan Schlichtmann (BBO #445900)
Attorney for Defendant John Masiz
PO Box 233
Prides Crossing, MA 01965
O: 978-804-2553
Email: jan@schlichtmannlaw.com

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on March 26, 2019 a true and correct copy of the foregoing document was served on counsel for the Commission, the Receiver, Inpellis, Inc., the Inpellis Bankruptcy Trustee, and ADEC by electronic service through the CM/ECF or email of record.

Dated: March 26, 2019

Respectfully submitted,

John J. Masiz, by his attorney

/s/ Jan Schlichtmann
Jan R. Schlichtmann, Esq. (BBO #445900)

**Electronic Service:**

**Commission:**
Kathleen Burdette Shields (BBO No. 637438)
David H. London (BBO No. 638289)
Securities and Exchange Commission
33 Arch Street, 24th Floor
Boston, Massachusetts 02110
Telephone: (617) 573-8904 (Shields direct)
Email: shieldska@sec.gov
london@sec.gov

**Receiver**
Mark G. DeGiacomo, Esq. BBO #118170
Taruna Garg, Esq. BBO #654665
Murtha Cullina, LLP
99 High Street
Boston, MA 02110
O: (617) 457-4000
F: (617) 482-3868
mdegiacomo@murthalaw.com
tgarg@murthalaw.com

**Counsel For ADEC:**
MORGAN LEWIS & BOCKIUS LLP
P. Sabin Willett
BBO #542519
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
sabin.willett@morganlewis.com

**TODD & WELD LLP**
Howard M. Cooper, Esq. BBO #543842
Joseph M. Cacace, Esq. BBO #672298
One Federal Street, 27th Floor
Boston, MA 02109
(617) 720-2626
hcooper@toddweld.com
jcacace@toddweld.com

**Inpellis Bankruptcy Trustee**
John Aquino, Esq.
ANDERSON AQUINO LLP
240 Lewis Wharf
Boston, MA 02110
Telephone:  (617) 723-3600
Facsimile: (617) 723-3699
jja@andersonaquino.com

**Inpellis, Inc.**
Jeffrey D. Sternklar (BBO#549561)
JEFFREY D. STERNKLAR LLC
26th Floor 225 Franklin Street
Boston, MA  02110
Telephone:  (617) 396-4515
Facsimile:  (617) 507-6530
jeffrey@sternklarlaw.com