UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br>     v.<br><br>BIOCHEMICS, INC., ET AL.,<br><br>           Defendants. | Civil Action No. 12-12324-MLW |

**NON-PARTY ADEC PRIVATE EQUITY INVESTMENTS, LLC'S
REPLY IN SUPPORT OF ITS
<u>REQUEST FOR ATTORNEYS' FEES AND COSTS UNDER M.G.L. c. 231, § 59H</u>**

Non-Party ADEC Private Equity Investments, LLC ("ADEC") respectfully submits this reply to Defendant John Masiz's ("Masiz") response to ADEC's affidavits in support of its request for attorneys' fees and costs under the Massachusetts Anti-SLAPP statute, M.G.L. c. 231, § 59H.

First, Masiz failed to respond to ADEC's request for attorneys' fees and costs under M.G.L. c. 231, § 59H, which ADEC made in its Opposition to Masiz's Show Cause Motion (Dkt. 508). Accordingly, Masiz waived any opportunity to oppose ADEC's request on the merits. Masiz's "Response" is really an attempt to file a motion to reconsider and, as such, it should be summarily denied as the Court's decision was well-grounded. Second, Masiz takes no issue with the amount of fees and costs requested in either of the affidavits that ADEC filed in support of its request for fees and costs. As a result, the Court should allow the fees and costs in the amounts requested. Finally, if the Court does decide to reconsider its earlier decision to allow attorneys' fees and costs, ADEC's request for fees and costs fits squarely within the Anti-SLAPP Statute and should be allowed.

1

### I. Procedural Background

On March 5, 2019, the Court denied Defendant Masiz's Motion for an Order to ADEC to Show Cause (Dkt. 506) (the "Show Cause Motion") because it was "not meritorious." Dkt. 517 at 2. The Court also ruled that ADEC's request for attorneys' fees and costs under M.G.L. c. 231, § 59H "may be meritorious" and ordered ADEC to file an affidavit in support of its request for fees and costs. *Id*. at 2-3. On March 12, 2019, ADEC filed an affidavit from Attorney Howard M. Cooper and a declaration from Attorney P. Sabin Willett in support of ADEC's request for attorneys' fees and costs. Dkt. 522 & 523. Pursuant to the Court's March 5, 2019 Order, undersigned counsel attempted to confer with Attorney Schlichtmann, counsel for Mr. Masiz, about ADEC's request for fees and costs. Those attempts were essentially unreciprocated and ADEC and Masiz were therefore unable to reach agreement to resolve ADEC's request for fees and costs on or before March 19, 2019. Dkt. 525.

On March 26, 2019, Masiz filed a "Response by Defendant John Masiz Pursuant to Court's 3-5-19 Order." Dkt. 526. ADEC files this Reply in response to Masiz's filing. *See* Dkt. 517 at 3.

### II. Argument

#### A. Masiz Waived His Right to Respond on the Merits

The Court's March 5, 2019 Order directed Masiz to respond to the affidavits that ADEC filed in support of its request for fees and costs. *See* Dkt. 517 at 2-3. Masiz's Response does not respond to ADEC's attorney affidavit and declaration, but attempts instead to respond to ADEC's earlier request on the merits. ADEC made its request for attorneys' fees and costs under M.G.L. c. 231, § 59H in ADEC's Opposition to Masiz's Show Cause Motion, which ADEC filed on February 22, 2019. Dkt. 508 at 1, 19-20. Masiz did not oppose that request in

the form of a reply brief or an opposition. *See* D. Mass. Local Rule 7.1 (permitting oppositions and replies with leave of court). Masiz therefore waived his opportunity to oppose ADEC's request on the merits. *See, e.g.*, *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 74 (1st Cir. 2002) (argument waived due to failure to brief issue in opposition to summary judgment motion).

Masiz's "Response" on the merits is akin to a motion to reconsider. The Federal Rules do not provide for a motion to reconsider. *See generally* Fed. R. Civ. P. And while district courts do have the authority to reconsider their decisions, "[t]he Supreme Court has admonished . . . that 'courts should be loathe to do so in the absence of extraordinary circumstances.'" *U.S. ex rel. Wilson v. Bristol Meyers Squibb, Inc.*, 2012 WL 13042940, *2 (D. Mass. March 7, 2012) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Motions for reconsideration are not designed for a party to "undo its own procedural failures." *Id*. They are reserved *only* for "newly discovered evidence," an "intervening change in the law," or where the "original decision was based on a manifest error of law or was clearly unjust." *Id*. Masiz ignores these standards and advances no argument to justify his request that the Court reconsider its decision to allow ADEC's request for fees and costs. Masiz's argument presents no new evidence, is not based on a change in the law, and there was nothing unjust or manifestly erroneous about the Court's original decision given Masiz's utterly frivolous Show Cause Motion that was intended only to chill ADEC's core right to petition. Masiz's motion to reconsider masquerading as a "Response" to ADEC's attorney affidavit and declaration should be summarily denied.

### B. Masiz Does Not Object to the Fees and Costs Requested

As explained above, Masiz chose to respond to ADEC's attorney affidavit and declaration *only* by challenging ADEC's request for fees and costs *on the merits*, which Masiz

3

waived.  Masiz *does not take issue* with the specific amounts of attorneys' fees and costs that ADEC seeks in the affidavit of Attorney Cooper and declaration of Attorney Willett.  Therefore, the Court should award ADEC the undisputed and unchallenged amounts of fees and costs requested in Attorney Cooper's affidavit and Attorney Willett's declaration.

### C. ADEC's Request for Attorneys' Fees and Costs Fits Squarely Within M.G.L. c. 231, § 59H

The Court should reject Masiz's arguments on the merits if it reaches them.  The Anti-SLAPP statute applies "[i]n any case in which a party asserts that *the civil claims, counterclaims, or cross claims against said party* are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth." M.G.L. c. 231, § 59H (emphasis added).  Masiz's Show Cause Motion is effectively a claim for contempt.  *See* Dkt. 506 at 1 (seeking "sanctions" for ADEC's "having knowingly violated the Court's 10-9-18 Order"). Indeed, in a bankruptcy filing that Masiz attached as Exhibit 1 to his Show Cause Motion, Inpellis, Inc. described the Show Cause Motion as an attempt to "hold ADEC in contempt."  Dkt. 506-2 at 4 n.9.  The Show Cause Motion is therefore a claim subject to the Anti-SLAPP statute.

Masiz's contempt claim set forth in the Show Cause Motion is based *solely* on ADEC's petitioning activity.  There can be no serious dispute that the only basis for the Show Cause Motion is ADEC's right to petition this Court, the Bankruptcy Court, and the court in which ADEC ultimately chooses to file its claims.  *See* M.G.L. c. 231, § 59H ("right to petition" includes "any written or oral statement made before or submitted to a . . . judicial body . . . ; any written or oral statement made in connection with an issue under consideration or review by a . . . judicial body, . . . ; any statement reasonably likely to encourage consideration or review of an issue by a . . . judicial body . . . ; . . . or any other statement falling within constitutional protection of the right to petition government").  Even Masiz's "Response" acknowledges that its

4

Show Cause Motion was based, in part, on "ADEC's motions before this court to lift the stay and its motion before the Inpellis Bankruptcy court to conduct FRBP Rule 2004 Examinations." Dkt. 526 at 3. Obviously the sole purpose of Masiz's Show Cause Motion was to attempt to prevent ADEC from exercising its core right to petition the courts for relief by pursuing litigation against Masiz and others as requested in ADEC's Motion for Relief from Stay (Dkt. 480).

Masiz relies on *Duracraft Corp. v. Holmes Prods. Corp.*, 427 Mass. 156, 166 (1988) to argue that the Anti-SLAPP statute does not apply here because this Court's stay order and the bankruptcy stay constitute "preexisting legal obligations" on which Masiz's Show Cause Motion was based. Dkt. 526 at 6-7. This argument is without merit. As ADEC pointed out in its Motion for Relief from Stay and related papers, the claims that ADEC seeks to bring are *outside the scope* of this Court's Order Appointing Receiver and the Bankruptcy stay. *See* Dkt. 480 at 1, 5-7; Dkt. 502 at 1-6; Dkt. 508 at 11-16. However, because Masiz (through Attorney Schlichtmann), the BioChemics, Inc. Receiver, and others expressed their belief that at least certain of ADEC's claims were stayed by this Court's Order Appointing Receiver and the automatic bankruptcy stay, ADEC, out of an abundance of caution, elected to seek this Court's approval before filing its claims. *See* Dkt. 480. Masiz responded to ADEC's cautious approach by filing a frivolous claim for contempt in the form of the baseless Show Cause Motion, which the Court has now denied. Therefore, the Show Cause Motion was not a "meritorious claim[] with a substantial basis other than or in addition to the petitioning activities implicated," *Duracraft*, 427 Mass. at 167, and the Anti-SLAPP statute clearly applies.

Masiz also cites *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 243 (2008), for the proposition that a demand letter—standing alone—is not "petitioning activity" under the Anti-SLAPP statute. There are two critical differences here. First, by Masiz's own

admission, the Show Cause Motion is aimed in part at motions that ADEC has filed before this court and the Bankruptcy Court—not just ADEC's demand letter. Dkt. 526 at 3. Second, unlike *Giuffrida*, as a result of the belief held by Masiz and others, the specter of the automatic stay in the Inpellis, Inc. bankruptcy and the stay of litigation in this Court's Order Appointing Receiver (Dkt. 452) hangs over the claims that ADEC asserted in its demand letter and that ADEC seeks to file in court. Therefore, while ADEC disagrees that the claims it seeks to file are subject to any stay, ADEC has gone as far as it deems prudent before obtaining an order from this Court (or the Inpellis bankruptcy trustee or Bankruptcy Court) to file its claims. The plaintiffs in *Giuffrida* had no such potential limitation on their ability to file the claims asserted in their demand letter. Therefore, *Giuffrida* does not control here.

      Finally, Masiz entirely ignores his burden to show that ADEC's exercise of its right to petition is devoid of any reasonable factual support or any arguable basis in law and caused actual injury to him. *Duracraft*, 427 Mass. at 167-68; M.G.L. c. 231, § 59H. Masiz cannot meet that burden. One need look no further than the detailed demand letter for the extensive factual and legal support for ADEC's claims. Further legal support for ADEC's claims is laid out in the filings before this Court. Chilling ADEC's petitioning activity was not just Masiz's primary goal, but indeed his *only* goal. *See Blanchard v. Steward Carney Hosp.*, 477 Mass. 141 (2017). It is Masiz, not ADEC, who should be sanctioned for filing the frivolous Show Cause Motion in an effort to chill ADEC's core protected petitioning activity.[1]

---

[1] The plain language of the Anti-SLAPP statute itself dispenses with Masiz's procedural argument that ADEC was required to file a standalone "special motion to dismiss." The statute provides that a party "*may* bring a special motion to dismiss" to defeat a claim that violates the Anti-SLAPP statute. M.G.L. c. 231, § 59H (emphasis added). The statute does not require a special motion in order to invoke its protection.

### III.  Conclusion

The Court should award ADEC its attorneys' fees and costs under M.G.L. c. 231, § 59H, as requested in the affidavit of Attorney Cooper and declaration of Attorney Willett.

Respectfully submitted,

ADEC PRIVATE EQUITY INVESTMENTS, LLC,

By its attorneys:

*/s/ Howard M. Cooper*
Howard M. Cooper (BBO #543842)
hcooper@toddweld.com
Joseph M. Cacace (BBO #672298)
jcacace@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02109
(617) 720-2626

Sabin Willett, BBO #542519
sabin.willett@morganlewis.com
Elizabeth M. Bresnahan, BBO #672577
elizabeth.bresnahan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA  02110-1726
617.341.7700

DATED:  April 2, 2019

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019 the foregoing was served by this Court's CM/ECF system on all counsel of record.

*/s/ Joseph M. Cacace*
Joseph M. Cacace (BBO #672298)