UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>          Plaintiff, <br><br> v. <br><br> BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING, <br>          Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**RECEIVER'S SECOND QUARTERLY STATUS REPORT
FOR QUARTER ENDING MARCH 31, 2019**

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending March 31, 2019.

**RELEVANT BACKGROUND**

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 5. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4. The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report"). Receiver Order ¶ 48. The Receiver Order further identifies specific categories of information the Receiver shall provide. Each of those categories is set forth below.

5. This Quarterly Status Report covers the period from January 1, 2019 to December March 31, 2019 (the "Reporting Period").

**A. Summary of Receiver's Operations**

6. In the Quarterly Report filed by the Receiver on January 30, 2019, the Receiver reported that he was engaged in discussions and negotiations with the Chapter 7 Trustee of Inpellis, Inc. (the "Trustee") and the Masiz Group[1] (as possible buyer) to conduct a coordinated sale of the intellectual property of both estates. The Receiver and the Trustee believe such a sale would maximize the value of the assets held by each estate.

7. In late January 2019, the Masiz Group presented the Receiver and the Trustee with a proposed stalking horse offer to purchase the intellectual property held by both estates. In mid-February, they provided proposed bidding procedures and a draft asset purchase agreement.

8. The Receiver, the Trustee and the Masiz Group have engaged in several lengthy meetings and telephone conferences to negotiate the specific terms of the sale. Although the parties have made substantial progress, a few issues still remain outstanding before a deal can be finalized. The Receiver is optimistic that a deal will be reached in the upcoming quarter. If

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the First Quarterly Report.

and when a deal is reached, the Receiver will file a motion seeking approval of the sale and bidding procedures, and provide notice thereof to interested parties.

9. The Receiver and the Trustee continue to discuss with the Gordian Group the terms of its employment for marketing the intellectual property assets once there is a signed Asset Purchase Agreement.

10. The Receiver continues to ensure the payment of all fees and expenses necessary to maintain and preserve the Biochemics intellectual property to same extent as they were as of the date of the entry of the Receiver Order.

### B. Cash On Hand / Administrative Expenses

11. The Receiver presently has cash on hand in the amount of $460,535.00 (the "Funds"). The only disbursement to date was the March 5, 2019 payment of $80,847.11 to Murtha Cullina, LLP on its allowed Fee Application. Of this amount, $441,305.23 was received from this Court's registry and $100,000 was received from the Masiz Group as a deposit that the Receiver is holding in escrow. To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as described in the following paragraph. The Receiver has not received funds from any source other than the Court's registry and the Masiz Group.

12. *Administrative Expenses*: During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP. These amounts are subject to the hold back guidelines established in the Receiver Order. *See* Receiver Order ¶ 59. Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted their second quarterly fee application to the SEC for review. The Receiver anticipates that the second quarterly fee application will be filed with the Court on or before May 15, 2019. No fees

will be paid without Court approval.

13. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver has also employed Verdolino & Lowey ("V&L") as his accountants.

14. V&L has done little or no work as of the date of this Application.

15. *Expenses for Maintenance of Biochemics Intellectual Property*: On March 5, 2019, the Court entered an Order granting the Receiver's motions to employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics intellectual property. The fees incurred by the IP Firms during the Reporting Period have been submitted for payment to BioPhysics Pharma, Inc. ("BPI") pursuant to an agreement between BPI and the Receiver.

### C. Receipts and Disbursements

16. As set forth herein, the Funds are the only monies received to date in this Receivership. The Receiver has made no disbursements of the Funds other than to pay Murtha Cullina's allowed fee application.

### D. Description of Known Receivership Assets Including Approximate or Actual Valuations

17. The Receiver is not aware of other Biochemics assets that have meaningful value other than the Biochemics intellectual property. At this time, the Receiver is unable to provide an actual or approximate valuation of the Biochemics intellectual property. The Receiver believes that the value of such intellectual property will be determined through a sale procedure to be approved by this Court.

### E. Description of Liquidated and Unliquidated Claims Held by Receivership

18. The Receiver is currently investigating what (if any) claims he holds against third parties.

### F. List of Series E Investors with Amounts of Investment and Other Known Creditors

19. The List of Series E Investors and Creditors provided to the Receiver by Biochemics is set forth in attached Exhibit A.

### G. Status of Proceedings Relating to Investors' Or Creditors' Claims

20. The claims filing and review procedure has not begun. It is anticipated that the claims filing and review procedure will start once the Biochemics intellectual property is sold at which point it will be clear if any dividend will be available to general unsecured creditors.

### H. Receiver's Recommendations for Continuation of Receivership

21. The Receiver recommends that the Receivership be continued to: allow the liquidation of the Biochemics intellectual property; enable the Receiver to administer any other assets; and enable the Receiver to make a distribution to creditors.

Respectfully submitted,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Chapter 7 Receiver
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 451-4000 Telephone
(617) 482-3868 Facsimile
mdegiacomo@murthalaw.com

Dated: April 29, 2019