UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>      Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>      Defendants. | CIVIL ACTION NO. 12-12324-MLW |

### RECEIVER'S THIRD QUARTERLY STATUS REPORT
### FOR QUARTER ENDING JUNE 30, 2019

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending June 30, 2019.

### RELEVANT BACKGROUND

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 2. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4. The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report"). Receiver Order ¶ 48. The Receiver Order further identifies specific categories of information the Receiver shall provide. Each of those categories is set forth below.

5. This Quarterly Status Report covers the period from April 1, 2019 to June 30, 2019 (the "Reporting Period").

### A. Summary of Receiver's Operations

6. In his Second Quarterly Report that was filed on April 29, 2019, the Receiver reported that he was engaged in discussions and negotiations with the Chapter 7 Trustee of the bankruptcy estate of Inpellis, Inc. (the "Trustee") and the Masiz Group[1] (as possible buyer) to conduct a coordinated sale of the intellectual property owned by both the receivership estate and the bankruptcy estate.

7. During the Reporting Period, the Receiver, the Trustee and the Masiz Group engaged in several lengthy meetings and telephone conferences negotiating the terms of a possible sale. On or about June 17, 2019, these three party negotiations broke down due to the inability of the Trustee and the Masiz Group to reach an agreement.

8. The Receiver then approached the Masiz Group about its interest in purchasing just the intellectual property owned by BioChemics (the "Intellectual Property").

9. Negotiations during the second half of June led to the execution of an Asset Purchase Agreement in July (the "Asset Purchase Agreement").

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the First Quarterly Report.

10. On July 23, 2019, the Receiver entered into the Asset Purchase Agreement with BioPhysics Pharma, Inc. (a corporation affiliated with the Masiz Group) (the "Buyer") pursuant to which the Receiver has agreed to sell to the Buyer all of his right, title and interest in the Intellectual Property for a purchase price of $17.5 million, $4 million of which will be paid in cash at closing and $11.5 million of which will be paid pursuant to the terms of a promissory note (the "Stalking Horse Bid").

11. The Receiver expects to file on July 31, 2019 a Motion to Sell the Intellectual Property to the Buyer and a Motion to Approve Bid Procedures.

12. The Receiver has entered into an engagement letter with the Gordian Group, LLC, an investment banker to market the Intellectual Property. The Receiver expects to file a Motion to Employ Gordian Group, LLC on July 31, 2019.

13. Pending the closing on the sale of the Intellectual Property, the Receiver continues to ensure the payment of all fees and expenses necessary to maintain and preserve the Intellectual Property to same extent as they were as of the date of the entry of the Receiver Order.

**B. Cash On Hand / Administrative Expenses**

14. The Receiver has received $441,305.23 from this Court's registry and $100,000 from the Masiz Group to be paid to Gordian upon its employment (the "Funds"). The Receiver presently has cash on hand in the amount of $460,649.84. The only disbursement to date was the March 5, 2019 Court approved payment of $80,847.11 to Murtha Cullina, LLP on its allowed Fee Application. To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as described in the following paragraph. The Receiver has not received funds from any source other

than the Court's registry and the Masiz Group.

15. *Administrative Expenses*:  During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP.  These amounts are subject to the hold back guidelines established in the Receiver Order.  *See* Receiver Order ¶ 59.  Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted their second and third quarterly fee application to the Court for review.  No fees will be paid without Court approval.

16. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver has also employed Verdolino & Lowey ("V&L") as his accountants.

17. V&L has done little or no work as of the date of this Application.

18. *Expenses for Maintenance of Biochemics Intellectual Property*:  On March 5, 2019, the Court entered an Order granting the Receiver's Motions to Employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics intellectual property.  The fees incurred by the IP Firms during the Reporting Period have been paid by the Buyer pursuant to an agreement between BPI and the Receiver.

### C. Receipts and Disbursements

19. As set forth herein, the Funds are the only monies received to date in this Receivership.  The Receiver has made no disbursements of the Funds other than to pay Murtha Cullina's allowed fee application.

### D. Description of Known Receivership Assets Including Approximate or Actual Valuations

20. The Receiver is not aware of other Biochemics assets that have meaningful value other than the Intellectual Property.  The Receiver believes that the value of the Intellectual

Property will be determined through the sale procedure to be approved by this Court.

### E. Description of Liquidated and Unliquidated Claims Held by Receivership

21.     The Receiver is currently investigating what (if any) claims he holds against third parties.

### F. List of Series E Investors with Amounts of Investment and Other Known Creditors

22.     The list of Series E Investors and Creditors provided to the Receiver by Biochemics is set forth in attached Exhibit A.

### G. Status of Proceedings Relating to Investors' Or Creditors' Claims

23.     The claims filing and review procedure has not begun.  It is anticipated that the claims filing and review procedure will start once the Intellectual Property is sold at which point it will be clear if any dividend will be available to general unsecured creditors.

### H. Receiver's Recommendations for Continuation of Receivership

24.     The Receiver recommends that the Receivership be continued to allow the liquidation of the Intellectual Property, enable the Receiver to administer any other assets and enable the Receiver to make a distribution to creditors.

                                                    Respectfully submitted,

                                                    /s/ Mark G. DeGiacomo
                                                    Mark G. DeGiacomo, Receiver
                                                    Murtha Cullina, LLP
                                                    99 High Street, 20th Floor
                                                    Boston, MA 02110
                                                    (617) 457-4000 Telephone
Date:   July 30, 2019                               (617) 482-3868 Facsimile
                                                    mdegiacomo@murthalaw.com

10129323v1