UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>　　　　　　　　Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**RECEIVER'S FOURTH QUARTERLY STATUS REPORT**
**FOR QUARTER ENDING SEPTEMBER 30, 2019**

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending September 30, 2019.

## RELEVANT BACKGROUND

1.　On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2.　On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3.　The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 2. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4.      The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report"). Receiver Order ¶ 48. The Receiver Order further identifies specific categories of information the Receiver shall provide. Each of those categories is set forth below.

5.      This Quarterly Status Report covers the period from July 1, 2019 to September 30, 2019 (the "Reporting Period").

**A.  Summary of Receiver's Operations**

6.      In his Third Quarterly Report that was filed on July 30, 2019, the Receiver reported that he was engaged in discussions and negotiations with the Chapter 7 Trustee of the bankruptcy estate of Inpellis, Inc. (the "Trustee") and BioPhysics Pharma, Inc. ("BPI") (as possible buyer) to conduct a coordinated sale of the intellectual property owned by both the receivership estate and the bankruptcy estate. The Trustee reported that on or about June 17, 2019, these three party negotiations broke down due to the inability of the Trustee and the BPI to reach an agreement.

7.      The Receiver then approached BPI about its interest in purchasing just the intellectual property owned by BioChemics (the "Intellectual Property").

8.      On July 23, 2019, the Receiver entered into an Asset Purchase Agreement with BPI (the "APA") pursuant to which the Receiver agreed to sell to BPI all of the Receiver's right, title and interest in the Intellectual Property for a purchase price of $17.5 million, $4 million of which will be paid in cash at closing and $11.5 million of which will be paid pursuant to the terms of a promissory note (the "Stalking Horse Bid").

9.      On July 25, 2019, the Receiver entered into an engagement letter with the Gordian Group, LLC to serve as investment banker in connection with the marketing of the Intellectual Property.

10.     On July 31, 2019 the Receiver filed with this Court his: (a) Motion to Sell the Intellectual Property to BPI or a higher bidder, (b) Motion to Approve Bid Procedures and (c) Motion to Employ Guardian Group as Investment Banker (the "Sale Motions").

11.     On August 13, 2019, ADEC Private Equity Investments, LLC ("ADEC") filed an Objection to the Sale Motions.

12.     On September 5, 2019, after a lengthy hearing, the Court entered an Order denying the Sales Motions, without prejudice.

13.     Counsel to the Receiver will be attending and participating in ADEC's Rule 2004 examinations of BPI, Jan Schlichtmann and Dr. Zhu which are schedule to take place on October 28, 29 and 30, 2019.

14.     After the Examinations, the Receiver anticipates that he will either enter into a new asset purchase agreement with BPI or he will seek authority to auction the Intellectual Property.

15.     Pending the sale of the Intellectual Property, the Receiver continues to ensure the payment of all fees and expenses necessary to maintain and preserve the Intellectual Property to same extent as they were as of the date of the entry of the Receiver Order.

**B.  Cash On Hand / Administrative Expenses**

16.     The Receiver received $441,305.23 from this Court's registry and he also received $4,145.03 that had been subject to a state court trustee process (the "Funds"). In addition to the Funds, the Receiver is also holding: (a) $100,000 from BPI which was earmarked to be paid to the

Gordian Group upon its employment and; (b) a $200,000 deposit from BPI on the APA (the "Deposits").  The Receiver presently has cash on hand in the amount of $246,514.80 (not including the Deposits).  The only disbursements to date have been to pay Murtha Cullina, LLP's allowed Fee Applications.  To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as described in the following paragraph.

17.	*Administrative Expenses*:  During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP.  These amounts are subject to the hold back guidelines established in the Receiver Order.  *See* Receiver Order ¶ 59.  Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted (or will soon be submitting) their forth quarterly fee application to the Court for review.  No fees will be paid without Court approval.

18.	Pursuant to the authority granted by this Court on October 25, 2018, the Receiver also employed Verdolino & Lowey ("V&L") as his accountants.

19.	V&L has done little or no work as of the date of this Application.

20.	*Expenses for Maintenance of Biochemics Intellectual Property*:  On March 5, 2019, this Court entered an Order granting the Receiver's Motions to Employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics intellectual property.  The fees incurred by the IP Firms during the Reporting Period have been paid by BPI pursuant to an agreement between BPI and the Receiver.

**C.  Receipts and Disbursements**

21.	As set forth herein, the Funds are the only monies received to date in this

Receivership (other than the Deposits). The Receiver has made no disbursements of the Funds other than to pay Murtha Cullina's allowed fee applications.

### D. Description of Known Receivership Assets Including Approximate or Actual Valuations

22. The Receiver is not aware of other Biochemics assets that have meaningful value other than the Intellectual Property. The Receiver believes that the value of the Intellectual Property will be determined through a sale procedure to be approved by this Court.

### E. Description of Liquidated and Unliquidated Claims Held by Receivership

23. The Receiver is currently investigating what (if any) claims he holds against third parties.

### F. List of Series E Investors with Amounts of Investment and Other Known Creditors

24. The list of Series E Investors and Creditors provided to the Receiver by Biochemics (and subsequently updated) is set forth in the attached Exhibit A.

### G. Status of Proceedings Relating to Investors' Or Creditors' Claims

25. The claims filing and review procedure has not begun. It is anticipated that the claims filing and review procedure will start once the Intellectual Property is sold at which point it will be clear if any dividend will be available to general unsecured creditors.

### H. Receiver's Recommendations for Continuation of Receivership

26. The Receiver recommends that the Receivership be continued to allow the liquidation of the Intellectual Property, enable the Receiver to administer any other assets and

enable the Receiver to make a distribution to creditors.

                                      Respectfully submitted,

                                      /s/ Mark G. DeGiacomo
                                      Mark G. DeGiacomo, Receiver
                                        Murtha Cullina, LLP
                                        99 High Street, 20th Floor
                                        Boston, MA 02110
                                        (617) 457-4000 Telephone
Date:   October 22, 2019            (617) 482-3868 Facsimile
                                        mdegiacomo@murthalaw.com

10129323v2