UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, AND GREGORY S. KRONING,<br>    Defendants. | C.A. No. 12-12324-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                           November 20, 2019

In the August 18, 2017 Final Judgment as to defendant John Masiz, Masiz was ordered to make certain written disclosures regarding his regulatory history to anyone from whom he solicited or accepted funds, and to keep a written record of such disclosures. See Docket No. 345, §II. On September 6, 2019, the court ordered Masiz to file an affidavit detailing his compliance with that Final Judgment, the documents constituting the required disclosures, and his contemporaneous record of them. See Docket No. 559, ¶5. In response, on September 16, 2019, Masiz filed a motion, to which plaintiff Securities and Exchange Commission (the "SEC") assented, seeking leave to file under seal his evidence of compliance with the Final Judgment See Docket No. 565.[1]

---

[1] According to an affidavit filed by Masiz on September 12, 2019, the evidence of compliance consists of disclosures Masiz believes he was required to provide pursuant to the Final Judgment;

In a November 5, 2019 Order, the court questioned whether the requested sealing is justified in view of the common law presumption that the public should have access to documents upon which a court relies in determining the substantive rights of litigants "and in performing its adjudicatory function." Docket No. 574 (quoting F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)). As the court explained, public access is particularly appropriate where, as here, the government is a party. Id. Thus, "'[o]nly the most compelling reasons can justify non-disclosure of judicial records,'" and the burden of proof is on the party seeking confidentiality. Standard Fin. Mgmt. Corp., 830 F.2d at 410-11 (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)). Although certain justifications such as the protection of documents subject to attorney-client privilege or privacy rights "'can limit the presumptive right of access to judicial records,'" Ark. Teacher Ret. Sys. v. State Street Bank & Trust Co., 391 F. Supp. 3d 167, 169 (D. Mass. 2018) (quoting Standard Fin. Mgmt. Corp., 830 F.2d at 411), even selective sealing "must be based on a particular factual

---

a list of the disclosures, and the people to whom Masiz made those disclosures since August 2017; and a list of the people, who are not insiders, from whom BioPhysics Pharma, Inc., has received investment since August 2017, as well as the disclosure provided to these investors. See Sept. 12, 2019 Masiz Aff. (Docket No. 562-1) ¶2. Masiz has provided these documents to the SEC, see id. ¶3, but not to the court.

demonstration of potential harm, not on conclusory statements." United States v. Kravetz, 706 F.3d 47, 60 (1st Cir. 2013) (citation omitted).

Masiz had not filed an affidavit or memorandum in support of the motion to seal. Nor had he articulated any reason why evidence of his compliance with the disclosure requirements of the Final Judgment, which consists of documents provided to third parties, should not be part of the public record. Nevertheless, the court provided Masiz an opportunity to do so.

More specifically, on November 5, 2019, the court ordered that, by November 14, 2019:

> 1. Masiz shall either (a) file a statement that sealing of the evidence of compliance is no longer requested and file a full, unredacted copy of the evidence of compliance for the public record; or (b) file an affidavit and memorandum in support of the request to seal his evidence of compliance which, among other things, addresses the fact that the evidence contains material that was disclosed to third parties.
>
> 2. If Masiz wishes to maintain his motion to seal the evidence of compliance, Masiz shall both (a) file a redacted version of the evidence of compliance for the public record, and (b) submit to the court a full, unredacted copy of the evidence of compliance, which shall be sealed, at least temporarily, to preserve its confidentiality if the sealing of it proves to be justified.

Id.

Masiz did not respond to the Order by November 14, 2019. Nor has he yet complied with it. Rather, on November 15, 2019, Masiz filed a "Notice" "request[ing] the court's temporary indulgence" because "he believed the parties had entered into an agreement as to how the parties should proceed regarding filings in this and other matters." Docket No. 578.

It is axiomatic that the parties do not have the authority to alter court orders by agreement. In any event, Masiz still has not filed a response to the November 5, 2019 Order.

Therefore, in view of the court's intention to decide whether Masiz has complied with the disclosure requirements of the Final Judgment and the presumed common law right of public access to information on which judicial decisions are made, it is hereby ORDERED that:

1. By November 22, 2019, Masiz shall file on the public record a full, unredacted copy of all of the evidence on which he relies in representing that he has complied with his obligations under §II of the Final Judgment.

2. Any failure to comply with this Order may be deemed a civil and/or criminal contempt.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

4