UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                       Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>                       Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**RECEIVER'S FIFTH QUARTERLY STATUS REPORT
FOR QUARTER ENDING DECEMBER 31, 2019**

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending December 31, 2019.

**RELEVANT BACKGROUND**

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 2. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4.     The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report").  Receiver Order ¶ 48.  The Receiver Order further identifies specific categories of information the Receiver shall provide.  Each of those categories is set forth below.

5.     This Quarterly Status Report covers the period from October 1, 2019 to December 31, 2019 (the "Reporting Period").

**A.  Summary of Receiver's Operations**

6.     In his Fourth Quarterly Report that was filed on October 22, 2019, the Receiver reported that his counsel would be attending and participating in ADEC's Rule 2004 examinations of John Mazis, Jan Schlichtmann and Dr. Zhu which were scheduled to take place on October 28, 29 and 30, 2019 (the "Examinations"). The Receiver also reported that after the Examinations, he anticipated that he would either enter into a new asset purchase agreement with BPI or he would seek authority to auction the intellectual property owned by BioChemics, Inc. (the "Intellectual Property").

7.     The Examinations were conducted as scheduled. Counsel to the Receiver attended and participated in the questioning of each of the three witnesses.

8.     After the Examinations were conducted, BPI and ADEC proposed that all outstanding issues concerning the intellectual property owned by BioChemics and/or the Inpellis, Inc. bankruptcy estate be submitted to mediation. The Receiver agreed to participate in the mediation in the hope that it would lead to a consensual sale of the Intellectual Property.

9.     On December 16, 2019, a day long mediation session was conducted by former bankruptcy Judge Joan Feeney of JAMS. The mediation session was attended by the Receiver

10492146v1

and his counsel, Trustee John Aquino and his counsel, John Masiz, Attorneys Jan Schlichtmann, Jeffrey Sternklar, Howard Cooper, Joseph Cacace, and the principal of ADEC, Burke Ross.

10. The mediation was not successful.

11. During the mediation it became clear that, at least in the near term, BPI has little or no intention in buying the Intellectual Property by way of a private sale.

12. Since no other potential buyer has been identified, the Receiver is now considering the best way to auction of the Intellectual Property. Once a determination has been made, a Motion to Approve will be filed with this Court.

13. Pending the sale of the Intellectual Property, the Receiver is paying of all fees and expenses necessary to maintain and preserve the Intellectual Property.

**B. Cash On Hand / Administrative Expenses**

14. The Receiver received $441,305.23 from this Court's registry and he also received $4,145.03 that had been subject to a state court trustee process (the "Funds"). Prior to November 14, 2019, the Receiver was also holding: (a) $100,000 deposit from BPI which was earmarked to be paid to the Gordian Group upon its employment and; (b) a $200,000 deposit from BPI on the Asset Purchase Agreement it executed with the Receiver (the "Deposits").

15. After the entry of this Court's order of September 5, 2019 which denied the Receiver's motions in connection with the sale of the Intellectual Property to BPI, BPI requested the return of its Deposits but it agreed to allow the Receiver to retain $100,000 to pay for the maintenance of the Intellectual Property (the "IP Maintenance Funds").

16. The Receiver presently has cash on hand in the amount of $246,514.80 (not including the IP Maintenance Funds). The only disbursements to date have been made to pay the

Receiver's allowed Fee Applications and to pay the costs related to the maintenance of the Intellectual Property. To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as described in the following paragraphs.

17. *Administrative Expenses*: During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP. These amounts are subject to the hold back guidelines established in the Receiver Order. *See* Receiver Order ¶ 59. Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted (or will soon be submitting) their fifth quarterly fee application to the Court for review. No fees will be paid without Court approval.

18. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver also employed Verdolino & Lowey ("V&L") as his accountants.

19. V&L has done little or no work as of the date of this Application.

20. *Expenses for Maintenance of Biochemics Intellectual Property*: On March 5, 2019, this Court entered an Order granting the Receiver's Motions to Employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics intellectual property. The fees incurred by the IP Firms during the Reporting Period were paid, until November 14, 2019, by BPI pursuant to an agreement between BPI and the Receiver. Since November 14, 2019, the Receiver has used the IP Maintenance Funds to pay the IP firms.

C. **Receipts and Disbursements**

21. As set forth herein, the Funds are the only monies received to date in this Receivership (other than the Deposits). The Receiver has made no disbursements of the Funds

other than to pay the Receiver's allowed fee applications and the costs to maintain the Intellectual Property.

### D. Description of Known Receivership Assets Including Approximate or Actual Valuations

22. The Receiver is not aware of other Biochemics assets that have meaningful value other than the Intellectual Property.  The Receiver believes that the value of the Intellectual Property will be determined through a sale procedure to be approved by this Court.

### E. Description of Liquidated and Unliquidated Claims Held by Receivership

23. The Receiver is currently investigating what (if any) claims he holds against third parties.

### F. List of Series E Investors with Amounts of Investment and Other Known Creditors

24. The list of Series E Investors and Creditors provided to the Receiver by Biochemics (and subsequently updated) is set forth in the attached Exhibit A.

### G. Status of Proceedings Relating to Investors' Or Creditors' Claims

25. The claims filing and review procedure has not begun.  It is anticipated that the claims filing and review procedure will start once the Intellectual Property is sold at which point it will be clear if any dividend will be available to general unsecured creditors.

### H. Receiver's Recommendations for Continuation of Receivership

26. The Receiver recommends that the Receivership be continued to allow the liquidation of the Intellectual Property, enable the Receiver to administer any other assets and enable the Receiver to make a distribution to creditors.

Respectfully submitted,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Receiver

|  |  |
|---|---|
| Date: January 14, 2020 | Murtha Cullina, LLP<br>99 High Street, 20th Floor<br>Boston, MA 02110<br>(617) 457-4000 Telephone<br>(617) 482-3868 Facsimile<br>mdegiacomo@murthalaw.com |

10492146v1