UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>          Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>          Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**SIXTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSES OF THE RECEIVER AND MURTHA CULLINA, LLP**

Mark G. DeGiacomo, (the "Receiver") hereby files, on behalf of himself and his law firm Murtha Cullina, LLP (together referred to herein as the "Applicant"), this Application pursuant to this Court's Order dated October 9, 2019 and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"), seeking compensation in the total amount of $29,384.40 for services rendered and $0.00 in expenses incurred from January 1, 2020 through March 31, 2020 (the "Application Period"). This amount sought for fees is 80% of the time incurred during the Application Period. Per the Receiver's agreement with the Securities and Exchange Commission, the remaining 20% of fees will be held back until the filing of a Final Fee Application.

In support of this Application, the Receiver states as follows:

1.  On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a Motion to Appoint a Receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

10680748v1

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order"). The Receiver's services commenced that day.

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 5. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1

4. On October 25, 2018, this Court entered an Order allowing the Receiver's Motion to Employ Murtha Cullina, LLP as his counsel.

5. Paragraph 57 of the Receiver Order provides as follows:

> Within 45 days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Assets (the "Quarterly Fee Application").

6. This is the Applicant's Sixth Interim Fee Application.

7. On March 5, 2019, this Court entered an Order approving the Receiver's First Interim Fee Application which sought fees in the amount of $80,181.60 and reimbursement of expenses in the amount of $665.51.

8. On September 5, 2019, this Court entered an Order approving the Receiver's Second Interim Fee Application which sought fees in the amount of $68,999.60 and reimbursement of expenses in the amount of $54.36.

9. On September 5, 2019, this Court entered an Order approving the Receiver's Third Interim Fee Application which sought fees in the amount of $49,430.40.

10. On November 12, 2019, the Applicant filed his Fourth Interim Application which sought fees in the amount of $126,619.60 and reimbursement of expenses in the amount of $5,333.07. The Court has yet to enter an order concerning this application.

11. On January 23, 2020, the Applicant filed his Fifth Interim Application which sought fees in the amount of $61,703.20 and reimbursement of expenses of $5,110.10. The Court has yet to enter an order concerning this application.

12. The following information is attached to this Application:

| | | |
|---|---|---|
| | **Exhibit A:** | **SEC Standardized Fund Accounting Report** |
| | **Exhibit B:** | **Certification of Receiver** |
| | **Exhibit C:** | **Summaries of Administration** |
| | **Exhibit D:** | **Time Records** |
| | **Exhibit E:** | **Summary of Time** |

13. The Receiver has collected the amount of $441,305.23 from the District Court Registry (the "Registry Funds"). Prior to the Receiver's appointment, the Registry Funds were transferred to the District Court Registry by Biophysics Pharma, Inc. ("BPI") as a deposit on its possible purchase of Biochemics' intellectual property. The Receiver also collected $4,145.03 of Biochemics funds that had been the subject of a trustee process order in the Rosewood case. Finally, on November 14, 2019, BPI agreed that the Receiver could retain $100,000 of a previously delivered deposit to cover patent maintenance costs (the "Maintenance Funds"). As of the date of this Application, a total of $73,382.90 of the Maintenance Funds remains. All amounts, other than the Maintenance Funds are being held in an interest bearing account. No amounts have been disbursed other than to pay the Receiver's approved Interim Fee Applications and to pay patent maintenance costs. All of the money held is unencumbered. To the best of the Receiver's knowledge, no administrative expenses have accrued (other than those sought by this Application and the Fourth and Fifth Interim Application) other than possible attorney fees due the

IP Firms which will be paid from the Maintenance Funds.

14. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver employed Verdolino & Lowey ("V&L") as his accountants.

15. On March 5, 2019, this Court entered an Order approving the Receiver's Motion seeking to employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms").

16. V&L has done little or no work as of the date of this Application and the IP Firms are being paid from the Maintenance Funds.

17. A list of creditors was supplied to the Receiver by Biochemics. On November 2, 2018, this Court entered an Order approving the Receiver's Motion to Limit Notice. In accordance with that Order, all known creditors were advised that, if they forwarded a request to the Receiver, they would be served with all filings made by the Receiver with this Court.

18. The claims filing and review procedure has not begun. It is anticipated that the claims filing and review procedure will start once the Receivership Assets, including the Intellectual Property, are liquidated at which point it will be clear if any dividend will be available to general unsecured creditors.

19. Summaries of the work done by the Applicant during the Application Period are attached hereto as Exhibit C.

20. At this point, the Receiver is unable to predict when this case will close.

21. The fees and expenses sought by this Application were incurred in the best interests of the fair distribution of the Receivership Assets.

22.     With the exception of the Billing Instructions, the Applicant has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Assets, or any sharing thereof.

23.     At this point the Receiver has determined that this estate holds the following assets:

| Asset | Value |
| --- | --- |
| Intellectual Property | Unknown |
| Registry Funds[1] | $242,028.12 |
| Recovered Trustee funds in Rosewood case | $4,145.03 |
| Patent Maintenance Funds | $73,382.90 |
| Interest Income | $494.47 |

24.     The Receiver is currently investigating what (if any) claims he holds against third parties.

WHEREFORE, the Receiver requests an Order authorizing the payment of compensation in the amount of $29,384.40 for services rendered and $0.00 in expenses incurred in this matter during the Application Period.

Respectfully submitted,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Receiver
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 451-4000 Telephone
(617) 482-3868 Facsimile

Dated: April 15, 2020

---

[1] The original amount turned over from the Registry Fund was $441,305.23.

10680748v1