UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>　　　　　　Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**RECEIVER'S EIGHTH QUARTERLY STATUS REPORT**
**FOR QUARTER ENDING SEPTEMBER 30, 2020**

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending September 30, 2020.

**RELEVANT BACKGROUND**

1.　　On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2.　　On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3.　　The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 2. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4. The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report"). Receiver Order ¶ 48. The Receiver Order further identifies specific categories of information the Receiver shall provide. Each of those categories is set forth below.

5. This Quarterly Status Report covers the period from July 1, 2020 to September 30, 2020 (the "Reporting Period").

### A. Summary of Receiver's Operations

6. In his Seventh Quarterly Report that was filed on July 8, 2020, the Receiver reported that he and the trustee of the related Inpellis, Inc. bankruptcy estate (the "Trustee") had agreed to jointly sell the intellectual property owned by both estates at a public auction. The Receiver also reported that on June 26, 2020 the Trustee had filed his Motion with the Bankruptcy Court for a joint public auction and on July 6, 2020, the Receiver filed a similar motion with this Court (the "Motions to Sell"). Finally, the Receiver reported that at the conclusion of a hearing on the Motions to Sell that was conducted by this Court and Bankruptcy Judge Panos on July 10, 2020 the Courts set deadlines and hearing dates in connection with the auction.

7. On July 20, 2020, the Courts approved a notice of sale of the auction and on August 27, 2020, the Courts conducted an evidentiary hearing which resulted in the issuance of Orders allowing the proposed auction to go forward subject to final approval at a hearing to be conducted on October 2, 2020.

8. The only qualified bidder at the September 22, 2020 auction (the "Bidder") did not submit a qualified bid.

9. Unless a deal can be made with the Bidder, the Receiver will file a motion to distribute funds being held by the SEC followed by a motion to terminate the receivership.

10. The Receiver has been paying of all fees and expenses necessary to maintain and preserve the intellectual property owned by the receivership estate. Given the result of the auction, unless a deal can be made with the Bidder, payment of these fees and expenses will stop.

**B. Cash On Hand / Administrative Expenses**

11. The Receiver received $441,305.23 from this Court's registry and he recovered $4,145.03 that had been subject to a state court trustee process (the "Funds"). Prior to November 14, 2019, the Receiver was also holding: (a) $100,000 deposit from Biophysics Pharma, Inc. ("BPI") which was earmarked to be paid to the Gordian Group, LLC upon its employment as the investment banker for the Receiver, and; (b) a $200,000 deposit from BPI on the asset purchase agreement it executed with the Receiver (the "Deposits").

12. After the entry of this Court's order of September 5, 2019 which denied the Receiver's motions in connection with the sale of intellectual property owned by the receivership estate (the "Intellectual Property") to BPI, BPI requested the return of its Deposits but it agreed to allow the Receiver to retain $100,000 to pay for the maintenance of the Intellectual Property (the "IP Maintenance Funds").

13. The Receiver presently has cash on hand in the amount of $8,621.23 (not including the remaining IP Maintenance Funds). Disbursements have been made only to pay the Receiver's allowed fee applications and to pay the costs related to the maintenance of the Intellectual Property. To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as

described in the following paragraphs.

14. *Administrative Expenses*: During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP. These amounts are subject to the hold back guidelines established in the Receiver Order. *See* Receiver Order ¶ 59. Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted (or will soon be submitting) their eighth quarterly fee application to the Court for review. No fees will be paid without Court approval.

15. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver also employed Verdolino & Lowey ("V&L") as his accountants.

16. V&L has done little or no work as of the date of this Application.

17. *Expenses for Maintenance of Biochemics Intellectual Property*: On March 5, 2019, this Court entered an Order granting the Receiver's Motions to Employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Biochemics intellectual property until November 14, 2019. The fees incurred by the IP Firms during the Reporting Period were paid, by BPI pursuant to an agreement between BPI and the Receiver. Since November 14, 2019, the Receiver has used the IP Maintenance Funds to pay the IP firms and, to a lesser extent, Murtha Cullina for time incurred in connection with maintenance of the Intellectual Property.

**C. Receipts and Disbursements**

18. As set forth herein, the Funds are the only monies received to date in this Receivership (other than the Deposits). The Receiver has made no disbursements of the Funds other than to pay the Receiver's allowed fee applications and the costs to maintain the Intellectual Property.

**D. Description of Known Receivership Assets Including Approximate or Actual Valuations**

19. The Receiver is not aware of other Biochemics assets that have meaningful value other than the Intellectual Property. The Receiver believes that given the result of the auction, the Intellectual Property has little or no value.

**E. Description of Liquidated and Unliquidated Claims Held by Receivership**

20. The Receiver does not believe that he holds any claims that could be liquidated for the benefit of the creditors of this estate.

**F. List of Series E Investors with Amounts of Investment and Other Known Creditors**

21. The list of Series E Investors and Creditors provided to the Receiver by Biochemics (and subsequently updated) is set forth in the attached Exhibit A.

**G. Status of Proceedings Relating to Investors' Or Creditors' Claims**

22. Any funds generated by the receivership estate are encumbered by the security interest held by the SEC. The SEC has provided the Receiver with a list of the investors.

**H. Receiver's Recommendations for Continuation of Receivership**

23. The Receiver recommends that unless a deal can be made with the Bidder, the Receivership should be terminated after distribution of the funds held by the SEC.

Respectfully submitted,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Receiver
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile
mdegiacomo@murthalaw.com

Date:  October 13, 2020