UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>       Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>       Defendants. | CIVIL ACTION NO. 12-12324-MLW |

### RECEIVER'S NINTH QUARTERLY STATUS REPORT
### FOR QUARTER ENDING DECEMBER 31, 2020

Mark G. DeGiacomo, the court-appointed receiver of Biochemics, Inc. and the Shareholder Resolution Trust (the "Receiver") hereby files this Quarterly Status Report for the quarter ending December 31, 2020.

### RELEVANT BACKGROUND

1. On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a motion to appoint a receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 2. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1.

4.      The Receiver Order requires the Receiver to file a "full report and accounting of the Receivership Assets" within 30 days after the end of each calendar quarter (the "Quarterly Status Report"). Receiver Order ¶ 48. The Receiver Order further identifies specific categories of information the Receiver shall provide. Each of those categories is set forth below.

5.      This Quarterly Status Report covers the period from October 1, 2020 to December 31, 2020 (the "Reporting Period").

**A. Summary of Receiver's Operations**

6.      In his Eighth Quarterly Report that was filed on October 13, 2020 (Dkt. No. 689), the Receiver reported that on September 22, 2020, he and the trustee of the related Inpellis, Inc. bankruptcy estate (the "Trustee") conducted a Court-authorized auction of both estates' intellectual property but the only interested bidder (the "Bidder") did not submit a qualified bid.

7.      On October 2, 2020, the Bankruptcy Court and the District Court conducted a Status Conference which was attended by counsel to the Bidder.

8.      After the Status Conference, the Bidder, the Trustee and the Receiver reached an agreement concerning the sale of the estates' intellectual property to the Bidder.

9.      The relevant Motions were filed and allowed by the Courts.

10.     On December 8, 2020, the sale closed which resulted in the payment of $150,000 to the Receivership Estate.

11.     The Receiver has been paying of all attorney fees and expenses necessary to maintain and preserve the intellectual property owned by the receivership estate (the "Intellectual Property").

### B. Cash On Hand / Administrative Expenses

12.   The Receiver received $441,305.23 from this Court's registry and he recovered $4,145.03 that had been subject to a state court trustee process (the "Funds"). Prior to November 14, 2019, the Receiver was also holding: (a) $100,000 deposit from Biophysics Pharma, Inc. ("BPI") which was earmarked to be paid to the Gordian Group, LLC upon its employment as the investment banker for the Receiver, and; (b) a $200,000 deposit from BPI on the asset purchase agreement it executed with the Receiver (the "Deposits").

13.   After the entry of this Court's order of September 5, 2019 which denied the Receiver's motions in connection with the sale of the Intellectual Property to BPI, BPI requested the return of its Deposits but it agreed to allow the Receiver to retain $100,000 to pay for the maintenance of the Intellectual Property (the "IP Maintenance Funds").

14.   On December 8, 2020, the Receiver received the amount of $150,000 at the closing for the sale of the Intellectual Property (the "Sale Proceeds").

15.   The Receiver presently has cash on hand in the amount of $116,049.21. Disbursements have been made only to pay the Receiver's allowed fee applications and to pay the costs and attorney's fees related to the maintenance of the Intellectual Property. To the best of the Receiver's knowledge, no administrative expenses have accrued other than the fees and expenses for the services of the Receiver and his Retained Professionals, as described in the following paragraphs.

16.   *Administrative Expenses*:   During the Reporting Period, the Receiver has incurred expenses for the services of the Receiver and his attorneys, Murtha Cullina LLP. These amounts are subject to the hold back guidelines established in the Receiver Order. *See* Receiver Order ¶ 59. Pursuant to the requirements of the Receiver Order, the Receiver and his attorneys have submitted

(or will soon be submitting) their ninth quarterly fee application to the Court for review. No fees will be paid without Court approval.

17. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver also employed Verdolino & Lowey ("V&L") as his accountants. V&L is in the process of completing the tax returns for the receivership estate at which time they will submit a bill to the Receiver.

18. *Expenses for Maintenance of Biochemics Intellectual Property*: On March 5, 2019, this Court entered an Order granting the Receiver's Motions to Employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms") to preserve and maintain the Intellectual Property. The fees incurred by the IP Firms prior to November 14, 2019 were paid by BPI pursuant to an agreement between BPI and the Receiver. Since November 14, 2019, the Receiver has used the IP Maintenance Funds to pay the IP firms and, to a lesser extent, Murtha Cullina for time incurred in connection with maintenance of the Intellectual Property. The remaining amounts due the IP Firms will be included in the Receiver's Plan of Distribution.

**C. Receipts and Disbursements**

19. As set forth herein, the Funds and the Sale Proceeds are the only monies received to date in this Receivership (other than the Deposits). The Receiver has made no disbursements of the Funds or Sale Proceeds other than to pay the Receiver's allowed fee applications and the costs and attorney's fees billed by the IP Firms to maintain the Intellectual Property.

**D. Description of Known Receivership Assets Including Approximate or Actual Valuations**

20. The Receiver is not aware of any other Biochemics assets that have meaningful value.

**E. Description of Liquidated and Unliquidated Claims Held by Receivership**

21. The Receiver does not believe that he holds any claims that could be liquidated for the benefit of the creditors of this estate.

**F. List of Series E Investors with Amounts of Investment and Other Known Creditors**

22. The list of Series E Investors and Creditors provided to the Receiver by Biochemics (and subsequently updated) is set forth in the attached Exhibit A.

**G. Status of Proceedings Relating to Investors' Or Creditors' Claims**

23. All funds generated by the receivership estate are encumbered by the security interest held by the SEC for the benefit of the Series E investors.

24. The SEC's Fair Fund Motion is pending before the Court and the Trustee is preparing his Motion to Approve Plan of Distribution. When these Motions are approved by the Court, all funds held by the Receiver will be distributed and the Receivership can be closed.

**H. Receiver's Recommendations for Continuation of Receivership**

25. The Receiver recommends that the Receivership be terminated after the Fair Market Fund Motion and the Distribution Motion are allowed and the Receiver distributes all funds in the receivership estate.

                                            Respectfully submitted,

                                            /s/ Mark G. DeGiacomo
                                            Mark G. DeGiacomo, Receiver
                                            Murtha Cullina LLP
                                            99 High Street, 20th Floor
                                            Boston, MA 02110
                                            (617) 457-4000 Telephone
                                            (617) 482-3868 Facsimile
                                            mdegiacomo@murthalaw.com

Date:   January 12, 2021