UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br><br>v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>                    Defendants. | CIVIL ACTION NO. 12-12324-MLW |

**NINTH INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSES OF THE RECEIVER AND MURTHA CULLINA, LLP**

Mark G. DeGiacomo, (the "Receiver") hereby files, on behalf of himself and his law firm Murtha Cullina, LLP (together referred to herein as the "Applicant"), this Application pursuant to this Court's Order dated October 9, 2019 and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"), seeking compensation in the total amount of $39,162.40 for services rendered and $734.15 in expenses incurred from October 1, 2020 through December 31, 2020 (the "Application Period"). The amount sought for fees is 80% of the time incurred during the Application Period. Per the Receiver's agreement with the Securities and Exchange Commission, the remaining 20% of fees will be held back until the filing of a Final Fee Application.

In support of this Application, the Receiver states as follows:

1.      On June 28, 2018, the plaintiff, Securities and Exchange Commission ("SEC") filed a Motion to Appoint a Receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

11188239v1

2. On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order"). The Receiver's services commenced that day.

3. The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets." Receiver Order ¶ 5. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests." Receiver Order ¶ 1

4. On October 25, 2018, this Court entered an Order allowing the Receiver's Motion to Employ Murtha Cullina, LLP as his counsel.

5. Paragraph 57 of the Receiver Order provides as follows:

> Within 45 days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Assets (the "Quarterly Fee Application").

6. This is the Applicant's Ninth Interim Fee Application.

7. On March 5, 2019, this Court entered an Order approving the Receiver's First Interim Fee Application which sought fees in the amount of $80,181.60 and reimbursement of expenses in the amount of $665.51.

8. On September 5, 2019, this Court entered an Order approving the Receiver's Second Interim Fee Application which sought fees in the amount of $68,999.60 and reimbursement of expenses in the amount of $54.36.

9. On September 5, 2019, this Court entered an Order approving the Receiver's Third Interim Fee Application which sought fees in the amount of $49,430.40.

11188239v1

10. On May 5, 2020, this Court entered an Order approving the Receiver's Fourth Interim Application which sought fees in the amount of $126,619.60 and reimbursement of expenses in the amount of $5,333.07, the Fifth Interim Application which sought fees in the amount of $61,703.20 and reimbursement of expenses of $5,110.10 and the Sixth Interim Application which sought fees in the amount of $29,384.40 and no expenses.

11. On August 26, 2020, this Court entered an Order approving the Receiver's Seventh Interim Application which sought fees in the amount of $28,403.40 and reimbursement of expenses in the amount of $10.80.

12. On January 6, 2021, this Court entered an Order approving the Receiver's Eighth Interim Application which sought fees in the amount of $65,278.40 and reimbursement of expenses in the amount of $2,069.46.

13. The following information is attached to this Application:

| | |
|---|---|
| **Exhibit A:** | SEC Standardized Fund Accounting Report |
| **Exhibit B:** | Certification of Receiver |
| **Exhibit C:** | Summaries of Administration |
| **Exhibit D:** | Time Records |
| **Exhibit E:** | Expense Records |
| **Exhibit F:** | Summary of Time |

14. Pursuant to the authority granted by this Court on October 25, 2018, the Receiver employed Verdolino & Lowey ("V&L") as his accountants. V&L is preparing the Receiver's tax returns and will be owed a fee for those services.

15. On March 5, 2019, this Court entered an Order approving the Receiver's Motion seeking to employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms"). The IP Firms are owed a total of approximately $29,000.00.

16.     The Receiver collected the amount of $441,305.23 from the District Court Registry (the "Registry Funds"). Prior to the Receiver's appointment, the Registry Funds were transferred to the District Court Registry by Biophysics Pharma, Inc. ("BPI") as a deposit on its possible purchase of Biochemics' intellectual property. The Receiver also collected $4,145.03 of Biochemics funds that had been the subject of a trustee process order in the Rosewood case. On November 14, 2019, BPI agreed that the Receiver could retain $100,000 of a previously delivered deposit to cover patent maintenance costs (the "Maintenance Funds").

17.     On December 8, 2020, the Receiver closed on his Court approved sale of intellectual property and received the sale proceeds of $150,000.00.

18.     All amounts, other than the Maintenance Funds, are being held in an interest bearing account.  No amounts have been disbursed other than to pay the Receiver's approved Interim Fee Applications and to pay patent maintenance costs including fees due to the IP Firms.  All of the money held is encumbered by a security interest held by the SEC.  To the best of the Receiver's knowledge, no administrative expenses have accrued other than attorney fees due the IP Firms which will be paid from the Maintenance Funds.

19.     A list of creditors was supplied to the Receiver by Biochemics.  On November 2, 2018, this Court entered an Order approving the Receiver's Motion to Limit Notice.  In accordance with that Order, all known creditors were advised that, if they forwarded a request to the Receiver, they would be served with all filings made by the Receiver with this Court.

20.     Since all funds held by the Receiver are encumbered by the SEC security interest, there will be no dividend payable to unsecured creditors.  As a result, there will be no claim filing or review procedure.

21. Summaries of the work done by the Applicant during the Application Period are attached hereto as Exhibit C.

22. All of the assets of the Receivership estate have been liquidated. The SEC's Fair Fund Motion has been allowed by the Court and the Trustee is preparing his Motion to Approve Plan of Distribution. When these Motions are approved by the Court, all funds held by the Receiver will be distributed and the Receivership can be closed.

23. The fees and expenses sought by this Application were incurred in the best interests of the fair distribution of the Receivership assets.

24. With the exception of the Billing Instructions, the Applicant has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership assets, or any sharing thereof.

25. A of December 31, 2020, the Receiver has determined that this estate holds the following assets:

| Asset | Value |
|---|---|
| Intellectual Property | $150,000.00 |
| Registry Funds | $   4,475.77 |
| Recovered Trustee funds in Rosewood case | $   4,145.03 |
| Patent Maintenance Funds | $ 24,752.00 |
| Interest Income | $        24.27 |

26. The Receiver believes that he does not hold claims against third parties that would benefit the receivership estate.

WHEREFORE, the Receiver requests an Order authorizing the payment of compensation in the amount of $39,162.40 for services rendered and $734.15 in expenses incurred in this matter

during the Application Period.

                                        Respectfully submitted,

                                        /s/ Mark G. DeGiacomo
                                        Mark G. DeGiacomo, Receiver
                                        Murtha Cullina, LLP
                                        99 High Street, 20th Floor
                                        Boston, MA 02110
                                        (617) 451-4000 Telephone
                                        (617) 482-3868 Facsimile

Dated:  January 29, 2021

11188239v1