UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-12324-MLW |
| | ) | |
| BIOCHEMICS, INC., JOHN J. MASIZ, | ) | |
| CRAIG MEDOFF and GREGORY S. | ) | |
| KRONING, | ) | |
| Defendants. | ) | |

## TENTH AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSES OF THE RECEIVER AND MURTHA CULLINA, LLP

Mark G. DeGiacomo, (the "Receiver") hereby files, on behalf of himself and his law firm Murtha Cullina, LLP (together referred to herein as the "Applicant"), this Application pursuant to this Court's Order dated October 9, 2019 and the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions"), seeking compensation in the total amount of $17,984.00 for services rendered or to be rendered from January 1, 2021 through the closing of this case (the "Application Period")[1] plus $68,644 of the 20% of each prior fee application which has been held back per the Receiver's agreement with the Securities and Exchange Commission (the "SEC") for a total request of compensation in the amount of $86,628.00.  The Receiver also requests that the Court enter an Order granting final approval of the Receiver's nine interim fee applications (see paragraph 58 of the Receiver Order).

In support of this Application, the Receiver states as follows:

---

[1] The amount of fees sought during the Application Period includes time actually spent through February 12, 2021 plus $5,000 for time to be spent from that date through closing of this case.

11287724v1

1.      On June 28, 2018, the SEC filed a Motion to Appoint a Receiver (Dkt. No. 423) of defendant Biochemics, Inc. ("Biochemics") and its related party, the Shareholder Resolution Trust.

2.      On October 9, 2018, the Court entered an Order (Dkt. No. 452) granting the SEC's Motion and appointed the Receiver (the "Receiver Order").   The Receiver's services commenced that day.

3.      The Receiver Order requires that "[t]he Receiver shall assume control of all Receivership Assets."  Receiver Order ¶ 5. "Receivership Assets" are defined by the Receiver Order as "all property of whatever kind and wherever situated, of defendant Biochemics, Inc., as well as property of the Shareholder Resolution Trust in which the Commission has first-priority security interests."  Receiver Order ¶ 1

4.      On October 25, 2018, this Court entered an Order allowing the Receiver's Motion to Employ Murtha Cullina, LLP as his counsel.

5.      Paragraph 57 of the Receiver Order provides in part as follows:

> Within 45 days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Assets (the "Quarterly Fee Application")…

6.      In accordance with the agreement between the Receiver and the SEC, 20% of the amount of fees sought in each interim fee application was held back by the Receiver. The total amount of the holdback is $137,288.

7.      On March 5, 2019, this Court entered an Order approving the Receiver's First Interim Fee Application which sought fees in the amount of $80,181.60 and reimbursement of expenses in the amount of $665.51.

11287724v1

8.      On September 5, 2019, this Court entered an Order approving the Receiver's Second Interim Fee Application which sought fees in the amount of $68,999.60 and reimbursement of expenses in the amount of $54.36.

9.      On September 5, 2019, this Court entered an Order approving the Receiver's Third Interim Fee Application which sought fees in the amount of $49,430.40.

10.     On May 5, 2020, this Court entered an Order approving the Receiver's Fourth Interim Application which sought fees in the amount of $126,619.60 and reimbursement of expenses in the amount of $5,333.07, the Fifth Interim Application which sought fees in the amount of $61,703.20 and reimbursement of expenses of $5,110.10 and the Sixth Interim Application which sought fees in the amount of $29,384.40 and no expenses.

11.     On August 26, 2020, this Court entered an Order approving the Receiver's Seventh Interim Application which sought fees in the amount of $28,403.40 and reimbursement of expenses in the amount of $10.80.

12.     On January 6, 2021, this Court entered an Order approving the Receiver's Eighth Interim Application which sought fees in the amount of $65,278.40 and reimbursement of expenses in the amount of $2,069.46.

13.     On February 12, 2021, this Court entered an Order approving the Receiver's Ninth Interim Fee Application which sought fees in the amount of $39,162.40 and reimbursement of expenses in the amount of $734.15.

14.     This is the Applicant's Tenth and Final Fee Application. The amount of compensation sought by this Fee Application includes: (a) time actually spent during the Application period; (b) $5,000 which the Receiver and the SEC agree is a reasonable amount to

11287724v1

cover remaining services to be rendered through the closing of the case; and (c) $68,644 which is half of the 20% of fees held back from the interim fee applications.

15.     The following information is attached to this Application:

**Exhibit A:**   **SEC Standardized Fund Accounting Report**
**Exhibit B:**   **Certification of Receiver**
**Exhibit C:**   **Summaries of Administration**
**Exhibit D:**   **Time Records**
**Exhibit E:**   **Summary of Time**

16.     Pursuant to the authority granted by this Court on October 25, 2018, the Receiver employed Verdolino & Lowey ("V&L") as his accountants.  V&L is preparing the Receiver's tax returns and will be owed a fee for those services.

17.     On March 5, 2019, this Court entered an Order approving the Receiver's Motion seeking to employ Sunstein, Kann Murphy & Timbers, LLP and Nields, Lemack & Frame, LLC, as special intellectual property counsel (the "IP Firms").  The IP Firms are owed a total of approximately $28,000.00.

18.     The Receiver collected the amount of $441,305.23 from the District Court Registry (the "Registry Funds"). Prior to the Receiver's appointment, the Registry Funds were transferred to the District Court Registry by Biophysics Pharma, Inc. ("BPI") as a deposit on its possible purchase of Biochemics' intellectual property. The Receiver also collected $4,145.03 of Biochemics funds that had been the subject of a trustee process order in the Rosewood case. On November 14, 2019, BPI agreed that the Receiver could retain $100,000 of a previously delivered deposit to cover patent maintenance costs (the "Maintenance Funds").

19.     On December 8, 2020, the Receiver closed on his Court approved sale of intellectual property and received the sale proceeds of $150,000.00.

20.     A total of $137,288 was held back from the Receiver's nine interim fee applications.

11287724v1

The SEC and the Receiver have agreed that 50% of this amount ($68,644.00) should be paid to the Receiver as part of this final fee application (see paragraph 59 of the Receiver Order).

21.     All amounts are being held in an interest bearing account.  No amounts have been disbursed other than to pay the Receiver's approved Interim Fee Applications and to pay patent maintenance costs including fees due to the IP Firms.  All of the money held is encumbered by a security interest held by the SEC.  To the best of the Receiver's knowledge, no other administrative expenses have accrued other than attorney fees due the IP Firms.

22.     A list of creditors was supplied to the Receiver by Biochemics.  On November 2, 2018, this Court entered an Order approving the Receiver's Motion to Limit Notice.  In accordance with that Order, all known creditors were advised that, if they forwarded a request to the Receiver, they would be served with all filings made by the Receiver with this Court.

23.     Since all funds held by the Receiver are encumbered by the SEC security interest, there will be no dividend payable to unsecured creditors.  As a result, there will be no claim filing or review procedure.

24.     Summaries of the work done by the Applicant during the Application Period are attached hereto as Exhibit C.

25.     All of the assets of the Receivership estate have been liquidated.  The SEC's Fair Fund Motion has been allowed by the Court and the Trustee is filing herewith his Motion to Approve Plan of Distribution.  When this fee application and the Motion to Approve Plan of Distribution are approved by the Court, all funds held by the Receiver will be distributed and the Receivership can be closed upon the filing and approval of a final account.

26.     The fees and expenses sought by this Application were incurred in the best interests of the fair distribution of the Receivership assets.

11287724v1

27.     With the exception of the Billing Instructions, the Applicant has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership assets, or any sharing thereof.

28.     As of February 18, 2021, the Receiver is holding $982,337.60 in estate funds which includes $906,183.91 from the SEC in accordance with this Court's approval of the SEC's Fair Fund Motion.

29.     The Receiver believes that he does not hold claims against third parties that would benefit the receivership estate.

WHEREFORE, the Receiver requests an Order (a) authorizing the payment of total compensation in the amount of $86,628.00 for services rendered in this matter during the Application Period which includes $68,644 from the 20% holdback; and (b) approving the Receiver's previously filed nine (9) Interim Fee Applications.

Respectfully submitted,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Receiver
Murtha Cullina, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 451-4000 Telephone
(617) 482-3868 Facsimile

Dated:  February 18, 2021

6

11287724v1