UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>BIOCHEMICS, INC., JOHN J. MASIZ, CRAIG MEDOFF and GREGORY S. KRONING,<br>    Defendants. | Cv. No. 12-12324-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                          October 13, 2023

Plaintiff Securities and Exchange Commission ("SEC") has filed a motion for an order requiring defendant Craig Medoff to show cause why he should not be held in civil contempt for violating this court's May 25, 2016, Order[1] (Dkt. No. 204) prohibiting him from participating, for 10 years, in the issuance, offering, or sale of any security, and requiring that he make certain payments. Dkt. No. 735 (the "Motion"). The SEC's supporting memorandum (Dkt. No. 737) and affidavits (Dkt. Nos. 738, 739) provide information and evidence concerning Medoff's violations of

---

[1] In its motion, the SEC refers to the "Final Judgment as to Defendant Craig Medoff . . . entered by this Court on May 5, 2016." (Dkt. No. 735) (emphasis added). The Order entering this judgment was entered on May 25, 2016, however. See Order (Dkt. No. 204). The SEC's motion for the entry of a final judgment against Medoff was entered on May 5, 2016. See Motion (Dkt. No. 198). This court consequently understands that the SEC intended to refer to the final judgment entered on May 25, 2016.

other orders obtained by the SEC enjoining him from participating in the securities business, including a violation that ultimately resulted in his imprisonment from 2011 to 2014, at the outset of this case. The affidavits provide ample evidence to justify the initiation of the civil contempt proceedings the SEC requests.

However, the evidence provided by the SEC raises the question of whether it would be appropriate for the court to initiate criminal contempt proceedings instead. In view of Medoff's proven history of violating court orders, conducting proceedings that could only result in another order that could be violated might be futile. Therefore, that civil remedy may be inappropriate and criminal contempt proceedings may be justified. See Shillitani v. United States, 384 U.S. 364, 370 n.9 (1966).

"An individual who refuses obedience to a valid order is subject to both civil and criminal contempt for the same acts." United States v. Petito, 671 F.2d 68, 72 (1982) (citing Yates v. United States, 355 U.S. 66, 74 (1957)). Therefore, if this court initiates criminal contempt proceedings, rather than the civil contempt proceedings requested by the SEC, an action for civil contempt could nonetheless be initiated following criminal contempt proceedings if necessary or appropriate.

Criminal contempt proceedings are governed by 18 U.S.C. §401 and F.R.Cr.P. 42. They must ordinarily be prosecuted by an attorney for the government, the United States Attorney. See F.R.Cr.P.

2

42(a)(2). As Medoff would be a defendant in a criminal case, he would have a right to, among other things, be represented by counsel and, if he cannot afford to retain counsel, to have an attorney appointed for him.

In view of the foregoing, it is hereby ORDERED that:

1. A hearing to address whether the court should initiate civil or criminal contempt procedures for the violations of its May 25, 2016, Order alleged by the SEC in its submissions shall be held on October 23, 2023, at 2:30 p.m. It shall be attended by counsel for the SEC, an Assistant United States Attorney, Medoff, and any counsel he retains. If Medoff cannot afford to retain counsel and wishes to have counsel appointed for him if criminal contempt proceedings are initiated, he shall, by October 19, 2023, file ex parte and under seal an accurate and complete Financial Affidavit in the form attached hereto as Exhibit 1. An Assistant United States Attorney and any counsel Medoff retains shall, by October 19, 2023, file their appearances. If Medoff requests that counsel be appointed to represent him if criminal contempt proceedings are initiated, a Criminal Justice Act Panel attorney shall be present at the hearing.

2. Any motion to continue the October 23, 2023, hearing shall be filed by October 17, 2023, and will be allowed only upon a strong showing of good cause.

3. This Order shall be served on Medoff using his current email address, which was provided to the Court by the SEC, and shall be served on the others referenced in paragraph 1 hereinabove by the CM/ECF system.

```
                                    /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE
```